Ariel A. Neuman - State Bar No. 241594
aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC and Dae Yong Lee

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

UNITED STATES OF AMERICA,,

Plaintiff,

vs.

JOSE LUIS HUIZAR, et al.,

Defendant.

CASE NO. 20-CR-0326-JFW

**DAE YONG LEE AND 940 HILL, LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF COUNT 25**

Date: November 15, 2021
Time: 8:00 a.m.
Crtrm.: 7A

Assigned to Hon. John F. Walter

The government's Opposition does not address the argument presented by Mr. Lee and 940 Hill in their motion to strike language from Count 25 (ECF No. 232), wrongly dismissing the motion as raising "largely the same arguments as the motion to strike a nearly identical allegation in Count 5." Opp. at 42 fn. 18. The government's response to the Count 25 motion—that Section 666(a)(2) does not contain the phrase "official act" (Opp. at 42–43)—is no response at all. While the Count 5 motion is based on the "official act" requirement applied to honest-services bribery charges, the Count 25 motion is based on the government-business element, a requirement that is unique to, and based on, the statutory language of the federal-funds bribery statute, 18 U.S.C. § 666(a)(2). Yet the government's Opposition ignores the entirety of Mr. Lee's Count 25 motion.[1]

To be clear, the Count 25 motion is based on the Section 666(a)(2) requirement that the alleged bribe be offered "in connection with any business, transaction or series of transactions of such … government …" As discussed at length in the motion, because **(1)** Section 666(a)(2)'s "in connection with" language

[1] The manner in which the government has briefed the motions to strike and dismiss highlights the dangers that Mr. Lee and 940 Hill have raised in their severance motion. The government claims that its omnibus response to separate motions filed by different defendants will "make the Court's review more efficient." Oppos. at 2, fn. 1. But obfuscation, not efficiency, is the result, and the dangers of a single-minded pursuit of efficiency are manifest. The Opposition lumps all the defendants together as if there are no differences in their positions despite the very different argument made by Mr. Lee and 940 Hill in their motion to strike Count 25—which is based on the language of Section 666(a)(2)—and despite the fact that Mr. Lee did not join the entirety of the other defendants' motion to dismiss. The government, by combining its arguments into a single brief and choosing to ignore serious arguments made by Mr. Lee and 940 Hill, apparently hopes that merging all together will prevent an individualized evaluation of Mr. Lee's arguments and positions. While the Court will of course diligently parse the arguments and be aware of the government's failure to acknowledge important distinctions between the defendants and their positions, a jury over the course of a several-week long trial cannot be expected to do the same.

is inherently indeterminate, *cf*. *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 391-92 (2014) (describing the indeterminate nature of the phrase "in connection with"), and **(2)** a narrow construction of this ambiguous language is necessary to avoid the serious constitutional concerns implicated in *McDonnell v. United States*, 136 S. Ct. 2355 (2016), the statute's government-business element must be narrowly construed to criminalize only the offering or payment of a bribe to a government official *to effectuate a governmental business decision or a government transaction* (or cause another public official to do so). As a matter of statutory construction, this element cannot be satisfied by offering or paying a public official a bribe to pressure a *private party* to make the *private decision* to voluntarily withdraw its own administrative appeal. A broader construction of the indeterminate phrase "in connection with" would chill interactions between public officials and their constituents.

It is true that the *result* under both of Mr. Lee's motions is the same, but that is because pressuring a private party is *neither* an official act (relevant to Count 5) nor conduct in connection with government business (relevant to Count 25). The same serious constitutional concerns requiring a narrow construction of "official act" also require a narrow construction of Section 666(a)(2)'s government-business requirement. Thus, the uniformity of result is a function of the constitutional concerns implicated whenever criminal liability is premised on a public official's informal interactions with constituents.

By failing to address the Count 25 motion, the government evades the real-world implications of its near-boundless construction of Section 666(a)(2). Under its broad theory, what the Supreme Court referred to as "the pall of potential prosecution" would hang over virtually all disputes involving parties who have made campaign contributions, thereby discouraging local officials from interacting with their constituents to achieve compromise. Relevant here, such a pall would be especially present in local land use disputes, which typically involve developers and

opponents who have made campaign contributions. The Supreme Court has characterized this chilling effect as a serious constitutional concern implicating the "basic compact" underlying representative government. *McDonnell*, 136 S.Ct. at 2372.

To avoid casting this "pall of prosecution" over constituent interactions, courts must follow the rule of construction applied in *McDonnell*, 136 S.Ct. at 2373, and *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 408 (1999): "a statute in this [anti-corruption law] field that can linguistically be interpreted to be either a meat axe or a scalpel should reasonably be taken to be the later." Under that rule of construction, the government's allegation about pressuring a private party to make the *private decision* to withdraw its own appeal is not "in connection with" a *governmental decision* or transaction and therefore is legally insufficient to support a charge under Section 666(a)(2).

* * * * *

For these reasons and those stated in the moving papers, the Court should grant Mr. Lee and 940 Hill's Motion to Strike Language from Count 25 and strike the language providing, "(1) pressuring Labor Organization A to dismiss its appeal against the 940 Hill Project." In addition, the Court should enter an order indicating it will instruct the jury that it cannot base a conviction on a payment for Huizar to pressure Labor Organization A to dismiss its appeal against the 940 Hill Project.

DATED: November 4, 2021

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: [signature]
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC and Dae Yong Lee