Ariel A. Neuman - State Bar No. 241594
  aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
  rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| UNITED STATES OF AMERICA,, | CASE NO. 20-CR-0326-JFW |
|---|---|
| Plaintiff, | **DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S RESPONSE TO STIPULATON TO CONTINUE TRIAL DATE AND MODIFY SCHEDULING ORDER** |
| vs. | |
| JOSE LUIS HUIZAR, et al., | |
| Defendant. | Assigned to Hon. John F. Walter |

1 Defendants Dae Yong Lee and 940 Hill, LLC, hereby respond to the
2 stipulation between the government and defendant Jose Huizar regarding a trial
3 continuance and a continuance of the dates included in the Court's scheduling order
4 (Dkt #352).  As noted at footnote 1 of the Stipulation, Mr. Lee and 940 Hill oppose
5 a continuance; they have moved for severance and are ready to proceed to trial as
6 scheduled.  They do not waive time under the Speedy Trial Act and respectfully
7 submit that 18 U.S.C. § 3161(h)(6) does not apply because they are not properly
8 joined.

9 It appears the government may be effectively conceding that severance of Mr.
10 Lee and 940 Hill is appropriate: the government did not consult counsel regarding
11 the proposed trial date, did not include counsel's trial conflicts, and did not consult
12 counsel regarding the proposed changes to the Court's scheduling order.  In fact,
13 lead counsel for Mr. Lee and 940 Hill has a lengthy trial scheduled to begin just two
14 weeks after the date proposed, in the matter of *United States v. Ronald S. Weaver et*
15 *al.*, CR 19-527-ODW.  That case has been pending for several years, is not expected
16 to be continued, and was scheduled with this case in mind.

17 Further, the Stipulation proposes a strange procedure: continue all the dates
18 scheduled – including the upcoming dates on which the government is required to
19 disclose proposed 404(b) evidence (Feb. 1) and its witness and exhibit list (Feb. 15)
20 – but if severance is granted, have at least one of the severed defendants proceed to
21 trial on the current trial date.  This proposal would deprive the severed defendant(s)
22 of the notice needed to prepare for trial, as reflected in the pre-trial schedule that the
23 parties carefully negotiated and was ordered by the Court.  The proposed
24 arrangement is unilaterally advantageous to the government, and unnecessarily so.

25 At this point, a single defendant is seeking a continuance, while three
26 defendants oppose it and one is apparently agnostic.  The proposed new schedule
27 was the result of consultations between that single defendant and the government,
28 while significant motions that could impact the shape of the trial(s) are pending.

1 | Mr. Lee and 940 Hill do not agree with the proposed schedule and are not properly
2 | joined with the other defendants, and so oppose the Stipulation at this time.

4 | DATED: January 21, 2022

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: ___*/s/ Ariel A. Neuman*___
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

3770826.1

3

DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S RESPONSE TO STIPULATON TO CONTINUE TRIAL DATE AND MODIFY SCHEDULING ORDER