Ariel A. Neuman - State Bar No. 241594
  aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
  rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE LUIS HUIZAR, et al., <br><br> Defendant. | CASE NO. 20-CR-0326-JFW <br><br> **DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S RESPONSE TO GOVERNMENT'S STATUS REPORT REGARDING PRETRIAL SCHEDULE** <br><br> *Concurrently Filed With Declaration of Ariel A. Neuman, and [Proposed] Order* <br><br> Assigned to Hon. John F. Walter |

**INDEX OF EXHIBITS**

| Exhibit | Description | Page(s) |
|---|---|---|
| 1 | March 10, 2022 Email from V. Dragalin to A. Neuman & R. Seilie with Proposed Schedule Attachment | 2:17, 4:2 |
| 2 | March 11, 2022 Email from A. Neuman to V. Dragalin, M. Jenkins, M. Mills, & Cassie Palmer with Attachment | 2:23 |
| 3 | March 14, 2022 Email from V. Dragalin to C. Ale, C. Snyder, A. Olin, H. Braun, A. Neuman, R. Seilie & R. Steingard with Attachment | 3:3 |

## MEMORANDUM OF POINTS AND AUTHORITIES

The government, without good cause, proposes a dramatic revision to the pretrial timeline to which the parties previously stipulated. The government has known since January that severance was likely, and was specifically ordered by the Court to continue trial preparations in anticipation of severed trials while the Court considered the matter, including while the Court continued the joint trial to October.[1] The government disregarded the Court's order to continue trial preparations. Now, apparently in panic, it seeks to impose a pre-trial schedule significantly different not only from what it previously stipulated to (and the Court ordered), but even from what it proposed to Mr. Lee and 940 Hill just last week once severance was granted. Mr. Lee and 940 Hill largely accepted that proposal, which was based off the Court's prior orders which were designed to ensure a fair and efficient trial of this case. There is no reason to now discard the parties' and the Court's prior efforts, and every reason to ensure that the defense gets the notice it needs and to give the Court the chance to resolve disputes well in advance of trial.

---

[1] During the hearing on January 31, 2022, the Court and parties discussed several upcoming dates on the Court's previously issued scheduling order (ECF 187). As to the government's disclosure of witness and exhibit lists, due two weeks later on February 15, the government advised that it was "on schedule" and that "we are continuing to operate as if that date remains." (RT 1/31/2022 at 121-2.) The Court indicated such work should continue while the severance motion was pending and despite discussions of an October trial date for Huizar. *See, e.g.*, RT 1/31/2022 at 125:12–23 ("[I]f I sever Mr. Neuman's clients and we're headed for the May—the current May trial date, then the Government is going to be required on very, very short notice to come up with the exhibits and the witnesses that are going to be disclosed in connection with Mr. Neuman's case."); *id.* at 126:6–10 ("I would urge you to continue to work on [the exhibit list and witness list] because, if I do sever and Mr. Neuman's client goes first, I would expect *within a week* that you would be able to produce the witness list and the exhibit list to Mr. Neuman.") (emphasis added). The government agreed, stating, "That all makes sense." (*Id.* at 126)

3779454.3                                1
DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S RESPONSE TO GOVERNMENT'S STATUS REPORT REGARDING PRETRIAL SCHEDULE

Mr. Lee and 940 Hill ask that the Court accept the schedule as proposed by the government and modified by the defense last week, as set forth below.

## I. Factual Background

On March 7, the same day the Court granted Mr. Lee and 940 Hill's severance motion, counsel contacted the government by email to work out a pre-trial schedule. Counsel understood that the Court expected the parties to quickly devise a pre-trial schedule similar to those set out in the Court's prior scheduling orders, *see, e.g.*, Dkt. Nos. 187 and 368, to which the government had previously stipulated.[2] During a follow-up telephone call, the prosecutor indicated that the government would have difficulty meeting certain disclosure deadlines proposed by the defense because, after the continuance of the Huizar trial date and despite the Court's and the government's comments at the January 31, 2022 hearing in which the severance motions were addressed, the government had paused its trial preparation work and "turned to other matters." Declaration of Ariel A. Neuman ("Neuman Decl.") ¶ 2.

Nonetheless, the government apparently also understood the Court to have directed the parties to set a pre-trial schedule akin to that previously ordered, because on March 10, the government proposed a largely reasonable pre-trial schedule that on the whole aligned with the prior orders but accounted for the reduced scope of the severed case and the new trial date. Neuman Decl. Ex. 1. The government also provided "early draft" witness and exhibit lists. *Id.* Counsel responded the next day—March 11—accepting most of the government's proposed dates but seeking to have the final exhibit and witness lists disclosed before the motion *in limine* deadline (consistent with the prior orders), and seeking to advance

---

[2] The transcript of the hearing is not available at this time and so counsel relies on his recollection.

1  proposed *Brady/Giglio/*Jencks disclosure dates to more closely align with the prior
2  orders.³ Neuman Decl. Ex. 2.
3      The government did not respond directly, but instead changed course entirely.
4  On Monday, March 14, the government said it would not accept any schedule like
5  that which it had proposed just days earlier. Neuman Decl. Ex. 3. A telephone call
6  the next day yielded no movement by the government; rather, the prosecutors stated
7  that unless defendant Shen Zhen New World I, LLC ("SZNW") agreed to move its
8  trial, the government would demand the radically different pretrial schedule set out
9  in its Status Report. Neuman Decl. ¶ 6. It then filed its Status Report.

## II.  Argument

    The government offers no good reason for its dramatic about-face, at least as applied to Mr. Lee and 940 Hill. Indeed, the government makes much of the fact that the severed trial is vastly reduced in scope, which suggests that it should easily be able to proceed on the schedule largely agreed to by the parties and akin to that previously ordered by the Court. Nothing about disclosure dates in April, a hearing on *in limine* motions in early May, or efforts to resolve evidentiary disputes by mid-May implicates the government's prosecution of SZNW in August or the Huizar/Chan trial in October. And if the government had complied with the Court's directive at the January 31 hearing, there would certainly be no concern about its ability to prepare for a June trial of Mr. Lee and 940 Hill.

    The government tells two different stories when it comes to trial preparation for Mr. Lee and 940 Hill's case. On the one hand, it says it cannot possibly be ready to make disclosures on the schedule it proposed last week or on the slightly revised schedule proposed by the defense. On the other, it notes that this trial is significantly

---

³ For instance, while the Court's scheduling Order had the witness and exhibit lists disclosed 133 days before trial, the government proposed disclosure 60 days before trial. Counsel responded by asking for disclosure 69 days before trial.

reduced in scope, it has made preliminary witness and exhibit disclosures to the defense, and it has added a fourth AUSA to the case.

The reality is that the government *should* be ready to make its witness and exhibit disclosures next week, and certainly by early April. Nonetheless, while the government did disclose to counsel a preliminary exhibit list, it includes only half of the exhibits the government apparently intends to use at trial. That is, the Status Report estimates there will be approximately 200 exhibits at the trial (ECF No. 403 at 14), but the government identified only 103 specific exhibits in the draft list it sent to counsel (Neuman Decl. Ex. 1).[4] Moreover, the government has not committed to seeking to introduce only that evidence directly related to the alleged 940 Hill scheme, but has indicated it will likely go beyond that to introduce "other scheme" evidence as it sees fit, making it impossible for counsel to guess what additional exhibits the government may be planning to include on its final disclosure. *Id.* This highlights the very reason the parties and the Court adopted the pre-trial schedule in the first place: the government can draw its exhibits from a mountain of discovery that include over two million pages of written documents, over 93,000 files of intercepted wire sessions, extraction reports for over a dozen digital devices, over 260 hours of audio recordings in addition to intercepted wire sessions, pen register data for over two dozen phones, GPS phone tracker data for multiple devices, and dozens of related pleadings (*see* Dkt. No. 360 at 6, ¶ 10(b)); and discovery continues to trickle out.[5]

---

[4]  While the government suggests it has identified slightly more exhibits, because at times its exhibit list points to huge data files (as discussed below) from which it has not indicated exactly what snippet it will use, counsel's paralegal has only been able to identify 103 specific exhibits from the draft list provided.

[5]  The government suggests this case is somehow akin to the *Elmezayen* case, CR-18-809-JFW. While counsel was not involved with that case, it is a single-defendant insurance fraud case which counsel is informed involved significantly less discovery. Moreover, what happened in that case is irrelevant to this case, given the

1          Exacerbating the problem is that many of the government's exhibits appear to
2  be drawn from the cell phone extraction files, which are massive data files. The
3  defense is left to guess which snippet from which of the many enormous data files
4  the government will try to use at trial; it is an impossible task. While the government
5  has identified some, it has not identified all and may well pull many more exhibits
6  from these huge files. Accordingly, the proposed schedule includes a date by which
7  the government must produce copies of all exhibits as they are intended to be
8  admitted.
9          The schedule proposed by Mr. Lee and 940 Hill is reasonable and will not
10 interfere with the government's ability to prepare for the other two trials. It is a
11 condensed version of the Court's prior scheduling orders, which largely tracks the
12 government's proposal from just days ago. It will allow the parties and the Court
13 sufficient time to effectively and efficiently prepare this case for trial, and will
14 reduce last-minute disputes and litigation. Unlike the government's Status Report
15 proposal, it includes all of the dates originally ordered by the Court, on a schedule
16 that is more favorable to the government than the one to which the government
17 previously stipulated.
18         The table below contains, from left to right, 1) the Court's Ordered schedule
19 to which the government agreed for the October joint trial, 2) the government's
20 calculation of the number of days before trial each of those deadlines occurs, 3) the
21 government's proposed schedule from last week, 4) the government's calculation of
22 the number of days before trial each of those deadlines occurs, and 5) Mr. Lee and
23 940 Hill's counter-proposed schedule from last week (in red). Mr. Lee and 940 Hill
24 respectfully request that the Court impose the schedule set forth in red, as reflected
25 in the concurrently filed proposed order.

27 history here and the parties' and the Courts' efforts to get this complex case ready
28 for trial.

|  | Joint Trial Court Order | Days before trial | Lee/940 Trial: Government Proposal | Days before trial | **Lee/940 Trial: Defense Proposal** |
|---|---|---|---|---|---|
| Joint MILs – Motions | 7/11/2022 | 99 | **4/04/2022** | 71 | **4/11** |
| Govt Witness List | 6/7/2022 | 133 | **4/15/2022** | 60 | **4/4** |
| Govt Exhibit List | 6/7/2022 | 133 | **4/15/2022** | 60 | **4/4** |
| **Govt. Production of all Exhibits as Intended to Be Offered** |  |  |  |  | **4/4** |
| Joint MILs – Opps | 8/1/2022 | 78 | **4/25/2022** | 50 | **4/25 (Same)** |
| Joint MILs (filing) | 8/3/2022 | 76 | **4/27/2022** | 48 | **4/27 (Same)** |
| Conference re Exhibit List | 7/26/2022 | 84 | **4/29/2022** | 46 | **4/29 (Same)** |
| *Brady/Giglio* deadline | 8/19/2022 | 60 | **4/29/2022** | 46 | **4/11** |
| Jencks deadline | 8/19/2022 | 60 | **4/29/2022** | 46 | **4/11** |
| Final Transcripts & Translations | 9/16/2022 | 32 | **5/13/2022** | 32 | **5/6** |
| Govt Charts & Summaries | 9/16/2022 | 32 | **5/13/2022** | 32 | **5/13 (Same)** |
| Joint Pre-Trial Exhibit Stipulation | 8/9/2022 | 70 | **5/16/2022** | 29 | **5/16 (Same)** |
| **Hearing re: MILs** | **8/22/2022** | 57 | **5/16/2022** | 29 | **5/9** |
| **Pretrial Conference** | **10/7/2022** | 11 | **6/3/2022** | 11 | **6/3 (Same)** |
| Defense Jencks | 10/10/2022 | 8 | **6/6/2022** | 8 | **6/6** |

| | | | | | | |
|---|---|---|---|---|---|---|
| statements | | | | | | **(Same)** |
| Defense Charts & Summaries | 10/10/2022 | 8 | **6/6/2022** | 8 | **6/6 (Same)** |
| Defense Witness List | 10/10/2022 | 8 | **6/6/2022** | 8 | **6/6 (Same)** |
| Defense Exhibit List | 10/10/2022 | 8 | **6/6/2022** | 8 | **6/6 (Same)** |
| **TRIAL** | **10/18/2022** | | **6/14/2022** | | |

DATED: March 16, 2022

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC and Dae Yong Lee