Ariel A. Neuman - State Bar No. 241594
  aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
  rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE LUIS HUIZAR, et al., <br><br> Defendant. | CASE NO. 20-CR-0326-JFW <br><br> **DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S OFFER OF PROOF RE POTENTIAL EXPERT TESTIMONY OF PROFESSOR MARY SHIN KIM** <br><br> Date: May 31, 2022 <br><br> Assigned to Hon. John F. Walter |

3793793.1

## I. INTRODUCTION

Pursuant to Paragraph 16 of this Court's Criminal Trial Order (ECF No. 148), Defendants Dae Yong Lee and 940 Hill, LLC submit this offer of proof regarding their potential defense expert, Professor Mary Shin Kim, the Associate Chair of the Department of East Asian Languages & Literatures, at the University of Hawai'i at Manoa.[1]

Professor Kim earned a Ph.D. in Asian Languages and Cultures from UCLA in 2006. Her dissertation was titled *Evidential Strategies in Korean Conversation*. Her academic studies—which span almost 25 years—specialize in conversation analysis, interactional linguistics, pragmatics, and language learning/teaching. She has published over thirty peer-reviewed academic journal articles and book chapters about the linguistic nuances of Korean language communication, has edited textbooks and academic volumes about the same subject, and has spoken at more than forty workshops and academic conferences on related topics. Professor Kim is also a native Korean speaker. Her teaching responsibilities include a course on Korean conversation analysis and supervising graduate students in her department. As part of these teaching responsibilities (as well as her own research projects), Professor Kim prepares and/or reviews for accuracy English translations of Korean-language conversations on a near-daily basis. A copy of Professor Kim's current curriculum vitae is attached as **Exhibit 1**. Professor Kim has not prepared a report in this case.

Based on the current state of discussions with the government, the defense expects that Professor Kim will present opinions relating to the government's translation of Korean-language audio into written English in connection with the

---

[1] At this time, Professor Kim is the only expert the defense anticipates calling. Should the defense determine that additional expert testimony is necessary to rebut or respond to the government's case-in-chief, defense counsel will inform the Court and the government as soon as that decision is made.

transcripts at Exhibits 118A through 118D and 119A through 119F, as well as, to the extent necessary, about the appropriate interpretation of Korean-language utterances into English more generally. Professor Kim may also offer alternate translations of other sections of the recordings that the government omits from its presentation during trial. As discussed below, defense counsel is working with the government and Professor Kim to narrow the areas of dispute; however, it is anticipated that Professor Kim will present annotated or edited versions of the government's transcripts included at Exhibits 118 through 119.

## II.   OFFER OF PROOF

Professor Kim's testimony is expected to be largely responsive to that of the government's expert, Meena Chung, and her proposed translations of the relevant recordings. Professor Kim is still reviewing Ms. Chung's most recent edits to the transcripts, which were provided to the defense on May 25, 2022, and which incorporate some of the defendants' previously-provided edits. Further, to date, the government has provided defendants with a high-level overview of Ms. Chung's methods and opinions, but has not disclosed the bases for Ms. Chung's specific translation decisions as to particular disputed items. The government has indicated that it is preparing a 302 with additional information, which the defense understood it would receive on May 27; it remains pending and the government has not indicated a date-certain for production. Over the next week, the defense expects to meet and confer with the government further to attempt to discuss the disputes regarding the translations. Any unresolved disputes will be presented to the Court in the parties' June 7, 2022 joint statement regarding translation disputes.

Based on the current state of the transcripts and discussions with the government to date, the defense expects that Professor Kim will offer the opinions below. The defense may need to elicit additional opinions from Professor Kim to respond to Ms. Chung, once the bases for her specific translation decisions are clarified.

### A. Inaccurate Resolution of Inherent Ambiguities

The government's supplemental expert disclosure acknowledges that in Korean dialogue, "pronouns [are] not needed and often are not used when speaking," and that "[t]he FBI standard is to not use brackets for pronouns, but to state the pronouns in the English translation based on the context of the recording." Professor Kim is expected to testify that the FBI's policy will often reduce the accuracy of its translations because ambiguity is inherent to the meaning of some Korean sentences that do not contain a subject or pronoun. Professor Kim will further explain that at times, efforts to resolve that ambiguity to create what appears to be a better English translation alter the meaning of the Korean-language statements.

Professor Kim is also expected to provide opinions regarding the government's use of "context" to interpret such ambiguities. For example, the government's supplemental disclosure states that Ms. Chung used "information provided over the course of the full recording" to provide "context." Professor Kim is expected to testify that to the extent Ms. Chung used information *later* in a conversation to assume the meaning of certain pronouns used *earlier* in that conversation, the resulting translation may not reflect the speaker's intended meaning. Depending on Ms. Chung's testimony, Professor Kim may address other uses of "context" in the translations.

Finally, Professor Kim may also opine that certain aspects of Ms. Chung's translations do not actually incorporate the contextual facts reflected in the complete audio recording.

### B. Misleading Omissions of Preceding/Following Dialogue

Professor Kim is expected to testify that the government's selective exclusion of certain parts of the conversations between Mr. Lee and Justin Kim makes its proposed English translation of preceding or subsequent sections misleading, and that inclusion of additional parts of the conversation is necessary to convey an

accurate meaning.

Professor Kim is expected to testify that the government's selective omission of conversational excerpts immediately before the exchange in Exhibit 119A and between the exchanges in Exhibits 119A and 119B is especially misleading, tantamount to including only the answer in a question-and-answer exchange. She will explain that the omitted excerpts are essential components of a linked sequence of conversational "turns," all of which are necessary to understand the meaning of the conversational exchange, and the exclusion of which results in a translation that does not accurately convey each speaker's intended meaning.[2]

### C. Opinions Related to the Government's Translation Procedure

The government's disclosure confirms that Ms. Chung prepared her translation "directly from Korean audio to written English," and that Ms. Chung therefore did not rely on a written Korean transcript to translate the audio. Professor Kim is expected to explain to the jury how the decision not to use a Korean-language written transcript can result in inaccuracies and a failure to reflect the speakers' intended meaning in the resulting English translation.

### D. Incorrect Korean-to-English Translations of Specific Words

Professor Kim may provide testimony explaining that the government's proposed English translations of specific Korean words are incorrect. Defendants are reviewing the most recent edits to the government's transcripts and working to identify the specific words for which she may render such an opinion. Defendants intend to meet and confer with the government to attempts to resolve these disagreements and will present any unresolved disputes to the Court on June 7, 2022.

---

[2]  In addition to explaining why their omission results in misleading translations in Exhibits 119A and 119B, Professor Kim is also expected to testify that the government's draft translations of these omitted excerpts are inaccurate.

\* \* \*

In light of the responsive nature of Professor Kim's anticipated testimony, defendants reserve the right to present expert testimony on additional topics based on the government's presentation during trial.

DATED: May 31, 2022

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee