TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
CASSIE D. PALMER (Cal Bar. No. 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0647/0363
    Facsimile: (213) 894-6436
    E-mail:    Mack.Jenkins@usdoj.gov
                Veronica.Dragalin@usdoj.gov
                Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-5, 6 |
| Plaintiff, | TRIAL STIPULATION NOS. 1-4 |
| v. | Trial Date: June 14, 2022<br>Trial Time: 8:00 A.M. |
| DAE YONG LEE,<br>  aka "David Lee,"<br>940 HILL, LLC, | Location: Courtroom of the Hon.<br>          John F. Walter |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys States Attorneys Mack E. Jenkins, Veronica Dragalin, and Cassie D. Palmer, and defendants DAE YONG LEE and 940 HILL, LLC., both individually and

by and through their counsel of record, Ariel A. Neuman and Ray S. Seilie, hereby submit Trial Stipulation Nos. 1-4.

Stipulation No. 3 resolves the parties' disputes with respect to Joint Motion in Limine No. 1.  (Dkt. No. 439.)  Specifically, the government hereby withdraws its request to admit: (1) the fact that in September 2014, defendant LEE possessed approximately $4.2 million in cash at his Office in safes; and (2) defendant LEE's admissions that 15-20% of his customers paid in cash, the amount of cash he kept on hand at his Office fluctuated between one to three million dollars, and he was the only person with access to the safes in the Office.  The government agrees not to otherwise elicit any testimony or seek to admit any evidence regarding the search, seizure, or interview(s) conducted in 2014, or to otherwise reference the law enforcement action of 2014.  As part of this stipulation, the government agrees not to elicit any testimony from Justin Kim regarding the 2014 FBI seizure of the $4.2 million in cash or defendant DAE YONG LEE's conversations with Justin Kim about the same.  If the government believes defendants open the door to admission of such testimony by Justin Kim or anyone else, before eliciting such testimony the government will advise defense counsel of the government's position and give counsel an opportunity to address the matter with the Court.  In addition, the government has revised Exhibit 152 to remove photographs of safes, cash, and money counters.

Finally, the parties also hereby inform that Court that they have resolved their disputes with respect to Joint Motion in Limine No. 3 (Appraisals).  (Dkt. No. 443.)  Specifically, the government has withdrawn its request to admit the 2015 appraisal in its

entirety (Trial Ex. 112) and has agreed to admit an excerpted version of the 2019 appraisal (Trial Ex. 59), for the effect on the listener only.  Therefore, the government does not intend to call the appraisers to testify.  In light of this agreement, there is no need for the parties to file any supplemental briefing on the Joint Motions in Limine as discussed at the hearing on May 13, 2022 (Dkt. No. 455).

The parties agree that these stipulations constitute conclusive proof of the matters stated therein for all purposes.  The parties further agree that the stipulations will be admitted as exhibits, can be read into the record by counsel for any party and published to the jury, and thereafter referenced as established facts at any time during trial.

Dated: May 30, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ Cassie D. Palmer*

MACK E. JENKINS
VERONICA DRAGALIN
CASSIE D. PALMER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: May 31, 2022

   */s/ with email authorization*

ARIEL A. NEUMAN
RAY S. SEILIE
Attorneys for Defendants
DAE YONG LEE and 940 HILL LLC

3

Dated: May 31, 2022

_____
Defendant DAE YONG LEE, ~~in~~ his
individual capacity and as the
representative for defendant 940
HILL, LLC

## CERTIFICATION OF INTERPRETER

I, __William Hong_____, am fluent in the written and spoken English and Korean languages. I accurately translated this document from English into Korean to defendant DAE YONG LEE on this date.

Dated: May 31, 2022

_____
INTERPRETER

**STIPULATION NO. 1**

**EXHIBIT 159**

The parties stipulate as follows:

At all times relevant to this case, the City of Los Angeles received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance in any one-year period.

This stipulation constitutes conclusive proof of the above matter for all purposes.

**STIPULATION NO. 2**

**EXHIBIT 160**

The parties stipulate as follows:

The email contained in Government Exhibit 104 was an interstate wire communication.

This stipulation constitutes conclusive proof of the above matter for all purposes.

**STIPULATION NO. 3**

**EXHIBIT 161**

The parties stipulate as follows:

At all times relevant to this case: (1) approximately 15-20% of JOIA Accessories' customers paid in cash; (2) defendant Dae Yong Lee regularly kept between approximately one to three million dollars in cash in safes at 1020 S. Crocker Street; and (3) defendant Lee was the only person with access to those safes.

This stipulation constitutes conclusive proof of the above matters for all purposes.

**STIPULATION NO. 4**

**EXHIBIT 162**

The parties stipulate as follows:

In around May 2020, after completing a diligent search of all records in the custody, possession, or control of defendant 940 Hill, LLC, representatives of 940 Hill, LLC did not locate any of the following:

1. Any contracts, retainer agreements, consulting agreements, fee agreements, or invoices relating to:

    a. Justin Kim;

    b. TMG Realty.

2. Any records relating to any proposed or executed settlement agreements with CREED LA;

3. Any fee agreements or invoices reflecting a $500,000 fee paid in cash on behalf of 940 Hill, LLC; or

4. Any loan agreements reflecting a personal loan from defendant Dae Yong Lee to defendant 940 Hill, LLC for $500,000.

This stipulation constitutes conclusive proof of the above matters for all purposes.