1 Ariel A. Neuman - State Bar No. 241594
    aneuman@birdmarella.com
2 Ray S. Seilie - State Bar No. 277747
    rseilie@birdmarella.com
3 BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
  DROOKS, LINCENBERG & RHOW, P.C.
4 1875 Century Park East, 23rd Floor
  Los Angeles, California 90067-2561
5 Telephone: (310) 201-2100
  Facsimile: (310) 201-2110
6
  Attorneys for Defendants 940 Hill, LLC
7 and Dae Yong Lee

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE LUIS HUIZAR, et al., <br><br> Defendant. | CASE NO. 20-CR-0326-JFW <br><br> **DEFENDANTS DAE YONG LEE AND 940 HILL LLC'S RESPONSE TO GOVERNMENT'S TRIAL BRIEF** <br><br> Assigned to Hon. John F. Walter |

# TABLE OF CONTENTS

Page

1. Issues Addressed in Other Filings ................................................................. 1
2. Government Efforts to Inquire Into Privileged Conversations ...................... 1
3. Inquiries Regarding Witness Legal Fees ........................................................ 2
4. Character Evidence ......................................................................................... 3
5. FBI Agent Availability For Defense Case ..................................................... 4
6. Delayed Discovery Regarding Witness Interviews ....................................... 4
7. New 404(b) Evidence ..................................................................................... 5
8. Prior Inconsistent Statements ......................................................................... 5
9. Video Recordings of Witness Interviews ...................................................... 5
10. Defendants' Statements .................................................................................. 6
11. Reciprocal Discovery ..................................................................................... 7
12. Trial Indictment .............................................................................................. 8
13. Conflation of Mr. Lee and 940 Hill ................................................................ 9
14. Conclusion ...................................................................................................... 9

Defendants Dae Yong Lee and 940 Hill, LLC hereby respond to the government's trial brief. Defendants submit this response in advance of the June 3 Pretrial Conference. However, Defendants received the government's 25-page trial brief on the afternoon of June 1 in the midst of trial preparations, and may seek to supplement this Response either orally or through further written submission.

## 1. Issues Addressed in Other Filings

The issues of trial length, testimony of witnesses without personal knowledge, and the government's summary charts have been addressed in separate filings and will not be repeated here. *See* Dkt. Nos. 461 and 472.

## 2. Government Efforts to Inquire Into Privileged Conversations

The government seeks to question certain witness about their communications with defense counsel. As counsel to 940 Hill, defense counsel's communications with its members, employees, and agents in anticipation of litigation on behalf of the entity (this trial) are privileged. *Upjohn Co. v. United States*, 449 U.S. 383 (1981) (company can invoke the attorney–client privilege to protect communications made between company lawyers and non-management employees); *United States v. Graf*, 610 F.3d 1148, 1158-59 (9th Cir. 2010) (adopting the principles of *In re Bieter Company*, 16 F.3d 929 (8th Cir. 1994), to "appl[y] *Upjohn* to cover communications between corporate counsel and outside consultants"). Here, counsel for 940 Hill has informed the government that it views its communications with 940 Hill members Lucy Kim and Hyuk Lim, and 940 Hill employees/agents Jason Kang, Joon Cheon, Julia Chang, and Fred Shaffer, as privileged under these principles. This is not, as the government contends, "nearly all government witnesses," but rather six of fourteen proposed witnesses, all of whom fall squarely within the ambit of *Upjohn* or *Graf*. Further, it is unclear why the government believes it needs to inquire into counsel's communications with these witnesses, except in an effort to obtain the defense's trial strategy.

In addition, 940 Hill has a common interest with these witnesses in defending

the actions of the LLC, of which all of these witnesses were a part. Counsel for these witnesses and counsel for 940 Hill have expressly understood that their communications are additionally covered by such a common interest in defending the actions of the LLC and its members and agents.

Of course, none of this prohibits the government from questioning these witnesses about facts other than their communications with counsel, which the government has done repeatedly and at length.

**3.      Inquiries Regarding Witness Legal Fees**

The government has indicated it intends to inquire at trial into who is paying for certain witness's legal fees. Defendants object to the government doing so for certain witnesses.

As counsel explained to the government, a California employer has an obligation to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." California Labor Code 2802(a).  Failure to do so can result in significant penalties against the employer.  Similarly, 940 Hill LLC has a contractual obligation to indemnify its members for legal fees incurred in relation to their membership in the LLC.

By raising the issue of payment for legal fees in front of the jury as to employees (Jason Kang) or 940 Hill members (Lucy Kim and Hyuk Lim), the government would be improperly trying to suggest some effort by Mr. Lee / 940 Hill to influence the witness's testimony when in fact they are just complying with their legal obligations.  Moreover, to the extent the witness is unaware of the reasons that their legal fees are being covered, it would be impossible to cure the government's implication on cross-examination.

If the government's goal is to show potential bias for employee witnesses or

LLC members (witnesses that the government is calling in its case-in-chief), it has any number of appropriate lines of questions it can pursue without creating false impressions for the jury which the defense cannot adequately address.

As to other witnesses whose fees may be covered by third-parties, it appears some of those witnesses or their lawyers have indicated that they believe the information is privileged. Defense counsel defers to counsel for those witnesses and their attorney-client privileged communications.

**4.    Character Evidence**

Rule 404(a)(2) permits defendants in criminal trials to "offer evidence of the defendant's pertinent trait." The government does not dispute that evidence of Mr. Lee's character is potentially admissible in this case, but asserts that the only "pertinent trait" that defendants should be permitted to support with character evidence in this case is law-abidingness, unless Mr. Lee chooses to testify. Specifically, the government argues that Mr. Lee's honesty and truthfulness is irrelevant unless he testifies. That is incorrect. Count 38 charges Mr. Lee with falsifying financial records with the intent of impeding, obstructing, and influencing the government's investigation. His honesty and integrity are directly "pertinent" to that charge.

The government argues that if defendants introduce any character evidence in support of Mr. Lee's pertinent traits, they will have opened the door to questions about the 2014 search warrant (which was the subject of defendants' motion in limine) and prior IRS tax audits. The government is wrong because there is no evidence that either the search warrant or the tax audits yielded evidence of illegal conduct or dishonesty by Mr. Lee. As the government knows, the search warrant did not result in any charges being filed against Mr. Lee and all of the seized money was returned, and there is no evidence that the tax audits yielded any evidence of dishonesty or illegality. Allowing the government to introduce this evidence in response to testimony that Mr. Lee was law-abiding and honest would be highly

Case 2:20-cr-00326-JFW   Document 476   Filed 06/02/22   Page 6 of 11   Page ID #:10620

prejudicial without actually demonstrating anything about his character. It is akin to eliciting that someone was once questioned by law enforcement, in order to establish that they are not law-abiding. Mr. Lee should be permitted to elicit testimony about his law-abiding and honest character without opening the door to discussions of the 2014 investigations or IRS tax audits.

### 5. FBI Agent Availability For Defense Case

The defendants have informed the government that, depending on the government's case-in-chief, the defense may need to call one or two FBI agents as witnesses in the defense case. Government counsel has indicated that Agent Civetti, the case agent, will be present at all times during trial and available to testify as needed. Government counsel has not provided an answer as to whether Agent Robert Logan, who was originally on the government's witness list but is now removed, will be made available if needed. Defendants' respectfully request that the Court order the government to have both witnesses available to testify on short notice during the defense case if requested.

### 6. Delayed Discovery Regarding Witness Interviews

The government is, as expected, meeting with witnesses in advance of trial. The parties met and conferred, and defense counsel understood that notes of meetings would be produced within a day or two of the meeting rather than preparing formal 302s which take more time. As this Response was being finalized on June 2, the government sent over notes of meetings it has had with witnesses since early May. Counsel is in the process of reviewing the new material. However, this delayed discovery of trial witness statements is directly impacting defendants' ability to prepare for trial, and is contrary to the government's representation that its discovery file would be an "open book." Defendants request that the Court direct the government to promptly produce agent notes of witness interviews immediately upon completing any further interviews conducted through the end of trial.

3794049.2

4

Case No. 20-CR-0326-JFW

DEFENDANTS DAE YONG LEE AND 940 HILL LLC'S RESPONSE TO GOVERNMENT TRIAL BRIEF

## 7. New 404(b) Evidence

The one document the government sent a few days ago – on May 31 – was a draft 302 of an interview of Justin Kim conducted on May 17. The draft 302 produced includes potential Rule 404(b) evidence, which was never previously disclosed by the government and which the government has not given notice it intends to use as such. For example, according to the 302, Justin Kim recently suggested that he believes Mr. Lee paid an appraiser to misrepresent the value of 940 Hill and paid a broker to lower the purchase price of a property to reduce his tax liability. It appears he does not have direct personal knowledge of this allegation in any event, but is relying on hearsay.

Given the failure to disclose this information as 404(b) evidence within the Court's deadline, and the hearsay nature of the purported evidence, the government should not be permitted to elicit this testimony from Mr. Kim.

## 8. Prior Inconsistent Statements

Based on an initial review of the recent disclosures regarding the government's trial preparations, the government is having its witnesses review and correct the 302s of prior interviews. Accordingly, those 302s (as corrected) now constitute adopted statements rather than a third party's characterization or interpretation of a prior oral statement, and can be used for impeachment.

## 9. Video Recordings of Witness Interviews

The defense anticipates that it may seek to introduce excerpts of videos of FBI interviews of certain witnesses. Those videos will be introduced as prior inconsistent statements, or for the non-hearsay purpose of demonstrating what occurred during the meetings (e.g., how the FBI pressures witnesses, how the witnesses appeared during the meetings, the fact that the meetings were videotaped, etc.) The defense will provide those excerpts to the government sufficiently in advance of the relevant witnesses' scheduled testimony that the government can confirm the content of the excerpt and raise any objections to the Court.

## 10. Defendants' Statements

The government appears to argue that any out-of-court statement made by a defendant – even if the statement is offered for a nonhearsay purpose or falls within an exception to the hearsay rule – is inadmissible unless the defendant testifies at trial. This position is entirely without merit.

The hearsay rule and its exceptions generally refer to a "declarant." A declarant can, of course, include a party. A party can therefore rely on any hearsay exceptions – or the fact that a statement is not being offered for the truth of the matter asserted – to admit his or her own statements. *E.g.*, Fed. R. Evid. 803 (exceptions that apply regardless of whether the "declarant" is available); Fed. R. Evid. 804 (exceptions that apply only when the "declarant" is unavailable); *United States v. DiMaria*, 727 F.2d 265, 271 (2nd Cir. 1984) (reversible error to exclude defendant's out-of-court statement that fell within Rule 803(3)) (Friendly, J.) (citing at length 6 Wigmore, Evidence (Chadbourn rev. 1976)); Jones, Rosen, et al., Fed. Civ. Trials & Evid. (The Rutter Group 2021) § 8:2731 ("Claimants may introduce their own 'self-serving' statements under Rule 803(3) ('I told my husband I was in agony') as well as statements made to others (Husband testifies, 'She told me she was in agony')") (citing *DiMaria*, 727 F.2d at 271); *United States v. Lawal*, 736 F.2d 5, 8 (2d Cir. 1984) ("[R]elevant declarations which fall within the parameters of Rule 803(3) are *categorically* admissible, even if they are self-serving and made under circumstances which undermine their trustworthiness.") (citing *DiMaria*, 727 F.2d at 271); *United States v. Farhane*, 634 F.3d 127, 172 (2d Cir. 2011) (the fact that out-of-court statement that falls under hearsay exception is self-serving goes to weight, not admissibility); Broun, Dix, et al., 2 McCormick on Evid. (8th Ed. 2020) § 274 (noting that, despite different formulations across Circuit Courts, "these positions share some common ground. . . . [S]elf-serving statements are not categorically excluded under the Federal Rule."). The notion that, unlike all other civil or criminal parties – who inarguably can introduce their own out-of-court

statements for nonhearsay purposes or under applicable hearsay exceptions – a criminal defendant uniquely forfeits that entitlement by not testifying, is contrary to both the plain text of the Rules of Evidence and the Fifth Amendment's promise of silence without penalty in criminal cases. *See United States v. Dellinger*, 472 F.2d 340, 381-82 (7th Cir. 1972) (rejecting this argument while explaining that it is both wrong and contrary to the presumption of innocence).

Thus, when a criminal defendant offers an out-of-court statement (including his or her own), the normal two-part hearsay analysis applies: is the statement offered "to prove the truth of the matter asserted in the statement"? Fed. R. Evid. 801(c) (emph. added). If not, the statement is nonhearsay. *Id.* If so, does the statement fall within some exception to the hearsay rule? If so, the statement is admissible hearsay. See, e.g., Fed. R. Evid. 803, 804. The declarant's status as a criminal defendant adds nothing to the analysis.

**11.     Reciprocal Discovery**

Defendants are aware of their discovery obligations under the relevant Federal Rules of Criminal Procedures and the Court's scheduling order at Dkt. No. 420, and intend to comply. The government, however, appears to demand disclosures which are specifically not required under Rule 16(b)(2): "(A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; (B) a statement made to the defendant, or the defendant's attorney or agent, by: (i) the defendant; (ii) a government *or* defense witness; or (iii) a prospective government *or* defense witness." (emphasis added). Defendants do not intend to produce such material as they are not required to do so.

The defense will disclose on June 6, in accordance with the Court's scheduling order, those witnesses it currently intends to call in the defense case and those exhibits it currently intends to affirmatively introduce through government or

defense witnesses.[1] The defense reserves the right to supplement those lists as the trial proceeds, and will promptly notify the Court and the government should counsel decide that additional witnesses or exhibits will be presented. For each government witness, consistent with the prior discussions with the Court, the defense will provide a binder with affirmative and impeachment exhibits to the Court, the government, and the witness, after the direct testimony of the witness is complete.

**12. Trial Indictment**

The government indicates it intends to submit a "trial indictment." That document has not been shared with defense counsel at this time, but generally, defendants submit that a trial indictment is unnecessary and unduly prejudicial in this case. The government originally suggested using a trial indictment in lieu of severance, in order to guide the jury through a complex, 138-page, 41-count indictment involving numerous schemes and a variety of offenses, where not everyone was charged with the same crimes and where there was a concern that certain defendants would be convicted based on the conduct of others. Now that Mr. Lee and 940 Hill are severed, this is a fairly straightforward, three-count case that was originally scheduled to last less than two weeks. Both defendants are charged with the same three offenses in the same three counts. Between the verdict form and the jury instructions, as well as the court's pretrial statement of the case and counsel's opening statements and arguments, the jury will have no problem following the evidence and conducting its deliberations. A "trial indictment" serves no purpose in such a case, except to potentially prejudice the defendants. The jury does not need and should not receive such a one-sided "guide" to the case.

---

[1] This does not include documents which may be used for impeachment purposes or witnesses whom defense counsel does not have a current intention to call in the defense case.

**13. Conflation of Mr. Lee and 940 Hill**

Although Mr. Lee is the majority owner of 940 Hill, not everything he does or says is undertaken in that capacity. Accordingly, contrary to the government's contentions, not all of Mr. Lee's statements are automatically admissible against 940 Hill, and not all statements by 940 Hill agents and members are admissible against Mr. Lee in his personal capacity. Defendants expect to propose a limiting instruction on this point.

**14. Conclusion**

The defense respectfully requests leave to file supplemental trial memoranda before or during trial as may become appropriate.

DATED:  June 2, 2022

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: _____
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee