Ariel A. Neuman - State Bar No. 241594
    aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
    rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,, | CASE NO. 20-CR-0326-JFW |
| Plaintiff, | **DEFENDANTS DAE YONG LEE AND 940 HILL'S SUPPLEMENTAL EXPERT OFFER OF PROOF REGARDING PROFESSOR MARY SHIN KIM** |
| vs. | |
| JOSE LUIS HUIZAR, et al., | |
| Defendant. | Assigned to Hon. John F. Walter |

# I.   SUPPLEMENTAL OFFER OF PROOF

Defendants Dae Yong Lee and 940 Hill, LLC submit this supplemental offer of proof to resolve objections raised by the government during meet-and-confer discussions after they filed their initial offer of proof (ECF No. 466).

## A.   Methodology

Professor Kim was provided a general oral summary of this case as well as the following materials to prepare the opinions that she may offer at trial:

- Complete versions of the government-produced audio files of the recorded conversations between Mr. Lee and Justin Kim on March 20, 2019 and March 27, 2019;
- The government's draft English-language translations of both recordings;
- Korean-language transcripts of both recordings prepared by a third-party vendor;
- The government's highlighted English-language translations of both recordings identifying the clips they intended to use at trial;
- The government's initial versions of Exhibits 118A–D and 119A–F, provided to defendants on April 15, 2022; and
- The government's revised versions of those exhibits, provided to defendants on May 25, 2022, which are the current versions of the proposed translations.

In connection with her anticipated testimony at trial, Professor Kim was asked to listen to both audio recordings in full as many times as she needed, to use the Korean transcript as she felt was appropriate, to specifically review the audio recordings of the excerpts the government designated for presentation during trial and any surrounding portions of the recording that she felt were appropriate to re-review, to review the transcript excerpts that the government designated for presentation during trial, and to provide opinions related to the government's translations.

Professor Kim listened to the audio files while wearing headphones and

playing the audio on three different computer applications at various points in time:
QuickTime Player, Audacity, and Transana. She listened to the complete audio file
from start to finish to understand the "data" she was working with, to identify the
interlocutors (Mr. Lee and Mr. Kim), the topics they discussed, and the "action"
undertaken by each utterance (i.e., whether each utterance was a question,
complaint, instruction, apology, etc.).

   After receiving the government's proposed audio excerpts and exhibits,
Professor Kim listened to both recordings in their entirety once again, and then
listened repeatedly to the portions that corresponded to the government's exhibits, as
well as the audio that preceded and followed those sections. She listened to the
entirety of these designated clips (and their immediate context) three or four times,
noted additional details, and analyzed each utterance. She developed an
understanding of those audio portions and compared her understanding to the
meaning conveyed in government's proposed translations, using the Korean
transcription as a guide to the overall recording. With respect to those words or
sentences for which she believed that the government's proposed translation do not
accurately convey the respective speaker's meaning, Professor Kim played and
replayed that potion of the audio recording ten or more times, across multiple days,
in order to ensure that her later audio reviews were not influenced by her earlier
ones. After her repeated analysis of the same recordings, if Professor Kim concluded
that a revision was appropriate, she communicated it to counsel. The relevant
proposed revisions are reflected in **Exhibit 1**.[1]

---

[1]  In an effort to avoid unnecessary litigation, counsel selected the proposed
revisions which materially alter the meaning of the transcripts, and does not include
here those which did not. A preliminary version of this document was delivered to
the Court at its request on June 3, 2022. The version attached, which contains some
revisions from the version delivered to the Court, reflects Professor Kim's final
opinions.

### B.   Opinions

Using the methodology described above, Professor Kim identified a number of issues with the proposed translations in the government's Exhibits 118A through 118D, 119A, 119B, and 119D through 119F. Summaries of those opinions are reflected in **Exhibit 1**. The principles Professor Kim used to arrive at these opinions were described in defendants' initial Expert Offer of Proof (ECF No. 466).

Although Professor Kim used Korean transcriptions of both audio recording as a general guide to the recording, she did not accept the transcription as accurate if it contradicted what she heard during her own review of the audio. None of her opinions are based solely on a contradiction between the Korean transcription she used and the government's English translations. All of them are based on her assessment of whether the government's translation accurately reflects the meaning of the Korean-language utterances in the audio recording.

\* \* \*

As explained in defendants' initial offer of proof, the government has yet to articulate the specific reasons Ms. Chung made the translation decisions that are now disputed. The government's offer of proof (ECF No. 463) only presents her general opinions about Korean-to-English translation at a high level. Moreover, the government's translations have yet to be "finalized" in light of the issues that will be presented to the Court in the June 9, 2022 joint statement. Defendants therefore reserve the right to elicit additional expert opinions from Professor Kim as the case progresses, including in response to any specific opinions provided by Ms. Chung.

1   DATED:  June 6, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:   _____
              Ray S. Seilie
      Attorneys for Defendants 940 Hill, LLC
      and Dae Yong Lee