TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (SBN: 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (SBN: 281370)
CASSIE D. PALMER (SBN: 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0647
    Facsimile: (213) 894-7631
    E-mail: Mack.Jenkins@usdoj.gov
          Veronica.Dragalin@usdoj.gov
          Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-326(A)-JFW-5, 6 |
|---|---|
| Plaintiff, | JOINT STATEMENT RE: DISPUTED VERDICT FORMS |
| v. | Trial Date: June 14, 2022 |
| DAE YONG LEE, aka, "David Lee," and 940 HILL, LLC, | Trial Time: 8:00 A.M. Location: Courtroom of the Hon. John F. Walter |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Mack E. Jenkins,
Veronica Dragalin, and Cassie D. Palmer, and defendants DAE YONG LEE
and 940 HILL, LLC, both individually and by and through their counsel

1   of record, Ariel A. Neuman and Ray S. Seilie, hereby submit a Joint

2   Statement re: Disputed Verdict Forms, pursuant to the Court's Trial

3   Order (CR 51 at ¶ 26).

4        This filing includes the Government's Proposed Verdict Forms for

5   each defendant, which are identical in all respects except the

6   defendant's name.  Next, the filing includes the Defendants' Proposed

7   Verdict Forms for each defendant, which are also identical in all

8   respects except the defendant's name.  Next the Government includes

9   its position on its proposed verdict form and response to defendants'

10  proposed form, followed by defendants' position.  The parties

11  essentially disagree about whether a unanimity instruction is

12  required in this case.

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

        The parties respectfully reserve the right to modify these forms
as need.

Dated: June 6, 2022            Respectfully submitted,

                               TRACY L. WILKISON
                               United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division


                                */s/ Cassie D. Palmer*
                               MACK E. JENKINS
                               VERONICA DRAGALIN
                               CASSIE D. PALMER
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA



Dated: June 6, 2022             /s/ via e-mail authorization
                               ARIEL A. NEUMAN
                               RAY S. SEILIE
                               Attorneys for Defendants
                               DAE YONG LEE and 940 HILL LLC

**GOVERNMENT'S PROPOSED VERDICT FORMS**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>DAE YONG LEE,<br>   aka "David Lee,"<br><br>          Defendant. | No. CR 2:20-326(A)-JFW-5<br><br><br>VERDICT FORM AS TO DEFENDANT DAE YONG LEE |

1

## COUNT FIVE

### Honest Services Wire Fraud

1.   We, the Jury, unanimously find the defendant DAE YONG LEE (**check one**):

_____        GUILTY

_____        NOT GUILTY

of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, as charged in Count Five of the First Superseding Indictment.

**(Please Proceed to Question No. 2.)**

2

## **COUNT TWENTY-FIVE**

### **Bribery Concerning Programs Receiving Federal Funds**

2.   We, the Jury, unanimously find the defendant DAE YONG LEE (**check one**):

           _____        GUILTY

           _____        NOT GUILTY

of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2), as charged in Count Twenty-Five of the First Superseding Indictment.

**(Please Proceed to Question No. 3.)**

3

**<u>COUNT THIRTY-EIGHT</u>**

**Obstruction of Justice**

**Alteration or Falsification of Records in Federal Investigations**

3.    We, the Jury, unanimously find the defendant DAE YONG LEE (**check one**):

_____        GUILTY

_____        NOT GUILTY

of obstruction of justice--alteration or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519, as charged in Count Thirty-Eight of the First Superseding Indictment.

**(The foreperson should now sign and date this verdict form.)**

_____
FOREPERSON OF THE JURY

DATED: June___ __, 2022, at Los Angeles, California.

4

1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,              No. CR 2:20-326(A)-JFW-6

11            Plaintiff,

12                 v.                       VERDICT FORM AS TO DEFENDANT 940
                                            HILL, LLC
13   940 HILL, LLC,

14            Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        1

## COUNT FIVE

### Honest Services Wire Fraud

1.   We, the Jury, unanimously find the defendant 940 HILL, LLC (**check one**):

\_\_\_\_\_        GUILTY

\_\_\_\_\_        NOT GUILTY

of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, as charged in Count Five of the First Superseding Indictment.

**(Please Proceed to Question No. 2.)**

## COUNT TWENTY-FIVE

### Bribery Concerning Programs Receiving Federal Funds

2.   We, the Jury, unanimously find the defendant 940 HILL, LLC (**check one**):

\_\_\_\_\_         GUILTY

\_\_\_\_\_         NOT GUILTY

of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2), as charged in Count Twenty-Five of the First Superseding Indictment.

**(Please Proceed to Question No. 3.)**

## COUNT THIRTY-EIGHT

## Obstruction of Justice

**Alteration or Falsification of Records in Federal Investigations**

3.   We, the Jury, unanimously find the defendant 940 HILL, LLC (**check one**):

\_\_\_\_\_          GUILTY

\_\_\_\_\_          NOT GUILTY

of obstruction of justice--alteration or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519, as charged in Count Thirty-Eight of the First Superseding Indictment.

**(The foreperson should now sign and date this verdict form.)**

_____
FOREPERSON OF THE JURY

DATED: June\_\_\_ \_\_, 2022, at Los Angeles, California.

1

2

3

4

5

6

7

8

9

10

11

12

**DEFENSE PROPOSED VERDICT FORMS**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                   v.<br><br>DAE YONG LEE,<br>aka "David Lee,"<br><br>             Defendant. | No. CR 2:20-326(A)-JFW-5<br><br><br>VERDICT FORM AS TO DEFENDANT DAE YONG LEE |

1

## COUNT FIVE

### Honest Services Wire Fraud

1.   We, the Jury, unanimously find the defendant DAE YONG LEE (**check one**):

\_\_\_\_\_          GUILTY

\_\_\_\_\_          NOT GUILTY

of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, as charged in Count Five of the First Superseding Indictment.


If your answer to Question 1 was GUILTY, please identify the specific official act(s) you unanimously concluded was promised by Jose Huizar in exchange for the bribe. (**Check all that apply**):

\_\_\_\_\_          Pressuring CREED LA to dismiss its appeal against the 940 Hill Project;

\_\_\_\_\_          Voting to deny CREED LA's appeal against the 940 Hill Project a vote in the PLUM committee to deny the CREED LA appeal filed against the 940 Hill Project.

**(Please Proceed to Question No. 2.)**

**COUNT TWENTY-FIVE**

**Bribery Concerning Programs Receiving Federal Funds**

2.    We, the Jury, unanimously find the defendant DAE YONG LEE (**check one**):

\_\_\_\_\_         GUILTY

\_\_\_\_\_         NOT GUILTY

of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2), as charged in Count Twenty-Five of the First Superseding Indictment.


If your answer to Question 2 was GUILTY, please identify what, specifically, you unanimously concluded that the defendants intended Jose Huizar or George Esparza to do in return for a "thing of value." (**Check all that apply**):

\_\_\_\_\_         Pressuring CREED LA to dismiss its appeal against the 940 Hill Project;

\_\_\_\_\_         Voting to deny CREED LA's appeal against the 940 Hill Project a vote in the PLUM committee to deny the CREED LA appeal filed against the 940 Hill Project.


**(Please Proceed to Question No. 3.)**

3

**COUNT THIRTY-EIGHT**

**Obstruction of Justice**

**Alteration or Falsification of Records in Federal Investigations**

3.   We, the Jury, unanimously find the defendant DAE YONG LEE (**check one**):

_____          GUILTY

_____          NOT GUILTY

of obstruction of justice—alteration or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519, as charged in Count Thirty-Eight of the First Superseding Indictment.

**(The foreperson should now sign and date this verdict form.)**

_____
FOREPERSON OF THE JURY

DATED: June\_\_\_ \_\_, 2022, at Los Angeles, California.

4

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:20-326(A)-JFW-6 |
| Plaintiff, | |
| v. | VERDICT FORM AS TO DEFENDANT 940 HILL, LLC |
| 940 HILL, LLC, | |
| Defendant. | |

## COUNT FIVE

### Honest Services Wire Fraud

1.   We, the Jury, unanimously find the defendant 940 HILL, LLC (**check one**):

\_\_\_\_\_          GUILTY

\_\_\_\_\_          NOT GUILTY

of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, as charged in Count Five of the First Superseding Indictment.


If your answer to Question 1 was GUILTY, please identify the specific official act(s) you unanimously concluded was promised by Jose Huizar in exchange for the bribe. (**Check all that apply**):

\_\_\_\_\_          Pressuring CREED LA to dismiss its appeal against the 940 Hill Project;

\_\_\_\_\_          Voting to deny CREED LA's appeal against the 940 Hill Project a vote in the PLUM committee to deny the CREED LA appeal filed against the 940 Hill Project.

**(Please Proceed to Question No. 2.)**

2

**COUNT TWENTY-FIVE**

**Bribery Concerning Programs Receiving Federal Funds**

2.   We, the Jury, unanimously find the defendant 940 HILL, LLC (**check one**):

_____   GUILTY

_____   NOT GUILTY

of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2), as charged in Count Twenty-Five of the First Superseding Indictment.

If your answer to Question 2 was GUILTY, please identify what, specifically, you unanimously concluded that the defendants intended Jose Huizar or George Esparza to do in return for a "thing of value." (**Check all that apply**):

_____   Pressuring CREED LA to dismiss its appeal against the 940 Hill Project;

_____   Voting to deny CREED LA's appeal against the 940 Hill Project a vote in the PLUM committee to deny the CREED LA appeal filed against the 940 Hill Project.

**(Please Proceed to Question No. 3.)**

3

**COUNT THIRTY-EIGHT**

**Obstruction of Justice**

**Alteration or Falsification of Records in Federal Investigations**

3.   We, the Jury, unanimously find the defendant 940 HILL, LLC
(**check one**):

      _____        GUILTY

      _____        NOT GUILTY

of obstruction of justice—alteration or falsification of records in
federal investigations, in violation of 18 U.S.C. § 1519, as charged
in Count Thirty-Eight of the First Superseding Indictment.

**(The foreperson should now sign and date this verdict form.)**

_____
FOREPERSON OF THE JURY

DATED: June___ __, 2022, at Los Angeles, California.

**GOVERNMENT'S POSITION**

A specific issue unanimity instruction is not required or appropriate in this case because the two alternates defendants propose are <u>means</u> of satisfying an element; neither is an element of the offense requiring unanimity.  In addition, defendants' framing of the two means is inconsistent with the allegations in the indictment and the law.  Accordingly, defendants' proposals both improperly elevate the government's burden while also confusing the jury as to the government's theories of liability.

**A.    Unanimity Instruction Not Required or Appropriate**

"In the typical case, a . . . general unanimity instruction to the jury adequately protects a defendant's right to a unanimous jury verdict."  <u>United States v. Gonzalez</u>,786 F.3d 714, 717 (9th Cir. 2015) (citing <u>United States v. Liu</u>, 631 F.3d 993, 1000 (9th Cir. 2011)).  "Courts must make a 'threshold inquiry' whether the 'listed items' in an 'alternatively phrased' statute are 'elements or means.'"  <u>United States v. Mickey</u>, 897 F.3d 1173, 1181 (9th Cir. 2018) (quoting <u>Mathis v. United States</u>, 136 S. Ct. 2243, 2256 (2016)).  "[E]lements are those circumstances on which the jury must unanimously agree, while means are those circumstances on which the jury may disagree yet still convict."  <u>Id</u>. (internal quotation marks, italics, and brackets omitted).  Alternative <u>elements</u> require a specific unanimity instruction, while alternative <u>means</u> do not.  <u>See</u> <u>id</u>. at 1181-82; <u>United States v. Kim</u>, 196 F.3d 1079, 1082 (1999) (holding there was no abuse of discretion to decline to give specific unanimity instruction when the defendant was charged with a single crime based on single set of facts and where prohibited acts were

1

1   merely alternative means by which defendant could be held criminally

2   liable for underlying substantive offense); see also Schad v.

3   Arizona, 501 U.S. 624, 631–32 (1991) ("We have never suggested that

4   in returning general verdicts in such cases the jurors should be

5   required to agree upon a single means of commission, any more than

6   the indictments were required to specify one alone.  In these cases,

7   as in litigation generally, different jurors may be persuaded by

8   different pieces of evidence, even when they agree upon the bottom

9   line.  Plainly there is no general requirement that the jury reach

10  agreement on the preliminary factual issues which underlie the

11  verdict.") (internal citations and quotation marks omitted).

12      As this Court noted in its order denying defendants' motion to

13  strike language from the indictment, in an honest services fraud case

14  that requires proof of an official act: "The agreement need not be

15  explicit, and the public official need not specify the means that he

16  will use to perform his end of the bargain.  Nor must the public

17  official in fact intend to perform the 'official act,' so long as he

18  agrees to do so." (CR 324 at 6 (quoting McDonnell v. United States,

19  136 S. Ct. 2355, 2371 (2016)) (emphasis added).  Defendants'

20  proposals would require the jury to unanimously find facts the Court

21  has ruled need not specifically be stated in the first place.

22      Here, "the Government has identified Labor Organization A's

23  appeal, which would ultimately reach the PLUM Committee (chaired by

24  Defendant Huizar), as the relevant 'question, matter, cause, suit,

25  proceeding, or controversy' that meets these requirements.  Second,

26  the Government has alleged facts demonstrating that Huizar made a

27  decision or took an action on that matter or agreed to do so,

28

                                    2

1  including that Huizar agreed to 'deal[ ] with the appeal', 'deny[ ]

2  the appeal,' assist or help with the appeal, 'resolve the appeal,'

3  'ensur[e] the 940 Hill Project moved forward through the City

4  approval process,' and/or 'oppose the appeal in the PLUM Committee,'

5  in exchange for $300,000 cash." (Id.)  This Court also rejected

6  defendants' argument that "using [Huizar's] office to negotiate with

7  and exert pressure on labor unions to resolve issues on projects"

8  cannot constitute an "official act." (Id.)

9      The two avenues for accomplishing the promise Huizar made are

10  means of meeting the "official act" element, not two sets of facts

11  that require unanimity.  The specific matter that was pending and

12  capable of being brought before Huizar was the CREED appeal, which

13  was filed and appealable to PLUM and City Council.  Huizar agreed to

14  help resolve the appeal in exchange for cash.  Under McDonnell,

15  Huizar and Esparza did not need to specify, and the co-schemers did

16  not need to agree upon, how Huizar and Esparza would accomplish that

17  promise.  The government's proposed McDonnell instruction is

18  sufficient guidance to ensure the jury understands what it must find

19  to render defendants guilty of agreeing to provide cash in exchange

20  for an official act.

21      As to Count Twenty-Five, the 18 U.S.C. § 666 violation, this

22  Court has already held that "official act" is not an element of that

23  offense.  (CR 324 at 14.)  To satisfy the elements of § 666, the jury

24  needs to find that defendants corruptly gave, offered, or agreed to

25  give $500,000 in cash intending to influence or reward Huizar or

26  Esparza in connection with the 940 Hill Project, including in: "(1)

27  pressuring Labor Organization A to dismiss its appeal against the 940

28

3

Hill Project" <u>or</u> "(2) voting to deny Labor Organization A's appeal against the 940 Hill Project in the PLUM Committee." (<u>Id.</u>)  Here again, these alternates constitute separate means, not separate elements.

**B.   Defendants' Proposed "Specific Issue" Misstates the Government's Allegations and Is Inconsistent with the Law**

Defendants' proposed framing of the "specific issue" on which they seek unanimity misstates the government's allegations in the indictment and theory of the case and is inconsistent with the law.

First, as to Count Five, defendants omit George Esparza entirely, while the government's theory of the case and the allegations in Count Five specifically included co-schemers Jose Huizar, George Esparza, and Justin Kim.  Huizar was listed as a defendant in Count Five, and Esparza's and Kim's names appear in the wire count language.  The scheme to defraud is pleaded broadly to include all "co-schemers" named and unnamed in the indictment. Attempting to strip Esparza from the verdict from is an improper attempt to confuse the jury and limit the government's noticed charging theories.

Second, as to Count Five, the government specifically alleged as a means of the scheme that Huizar and his co-schemers would agree to perform official acts, including "<u>using their office to negotiate with and exert</u> pressure on labor unions to resolve issues on projects" (FSI ¶ 45(b)).  Defendants' proposed specific issue omits the words "using their office to negotiate with and exert."

Lastly, as to Count Twenty-Five, as discussed above, no unanimity is required for different means of meeting an element of an

4

offense.  Here, the Court has held that both specific means alleged in Count Twenty-Five, including pressuring Labor Organization A, "falls <u>squarely</u> within the statutory language of 666(a)." (CR 324 at 14) (emphasis in original).  No unanimity is required on this issue.

**DEFENDANTS' POSITION**

If the Court rejects defendants' proposed instructions on Counts 5 and 25, Defendants respectfully request that the Court provide verdict forms that require the jury to specify, upon reaching a guilty verdict, what specific acts by Jose Huizar and/or George Esparza were promised in exchange for the alleged bribe. As explained in connection with defendants' position statements for the Count 5 and 25 instructions, even if the Court agrees that a promise to pressure CREED LA is sufficient to convict, the jury should be limited to considering the specific theories of liability that the government alleged in the indictment. Defendants' proposed verdict form ensures that the jury will be focused only on what defendants are actually charged with. Accordingly, defendants respectfully request that the government provide the jury with the verdict forms suggested by defendants.

If the Court agrees that either or both of defendants' proposed instructions as to Counts 5 and 25 are appropriate, and that the charges should be limited to the allegation that Huizar promised to cast a vote against CREED LA's appeal, then defendants' proposed changes to the government's verdict forms will be moot, and their request for alternate verdict forms will be withdrawn.