Ariel A. Neuman - State Bar No. 241594
 aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
 rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| UNITED STATES OF AMERICA,, | CASE NO. 20-CR-0326-JFW |
|---|---|
| Plaintiff, | **DEFENDANTS DAE YONG LEE AND 940 HILL LLC'S OFFER OF PROOF RE: ASSERTION OF ATTORNEY-CLIENT PRIVILEGE** |
| vs. | |
| JOSE LUIS HUIZAR, et al., | |
| Defendant. | Assigned to Hon. John F. Walter |

# OFFER OF PROOF

Defendants Dae Yong Lee and 940 Hill, LLC hereby submit their offer of proof in support of 940 Hill's assertion of the attorney-client privilege over defense counsel's communications with certain of 940 Hill's members and agents in anticipation of litigation on behalf of 940 Hill.

As set forth below, defense counsel's communications with 940 Hill members Lucy Kim and Hyuk Lim, 940 Hill's members, and its communications with 940 Hill agents Jason Kang, Joon Cheon, Julia Chang, and Fred Shaffer, in connection with defense counsel's preparation for this trial, are privileged under well-settled principles governing the application of the attorney-client privilege to communications between corporate counsel and a corporation's agents or employees. Furthermore, defense counsel's communications with these six witnesses are also privileged under the common interest doctrine. The Court should reject the Government's effort to explore Defendants' trial strategy by making meritless attacks on 940 Hill's assertion of the privilege.

## I. Defense Counsel's Communications With 940 Hill's Members and Agents Are Privileged Under *Upjohn* and *Graf*

Under *Upjohn Co. v. United States*, a company can assert the attorney-client privilege to prevent disclosure of communications between company lawyers and non-management employees. 449 U.S. 383, 394-96 (1981). This protection also extends to communications made between company lawyers and outside consultants or independent contractors, so long as those third parties act as "functional employee[s]" of the company. *United States v. Graf*, 610 F.3d 1148, 2268 (9th Cir. 2010). Furthermore, the attorney-client privilege also applies to communications between an LLC's counsel and the LLC's members. *Montgomery v. eTreppid Techs., LLC*, 548 F. Supp. 2d 1175, 1187 (D. Nev. 2008) (extending privilege to communications between "current management" of LLC and LLC counsel); *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6137633, at *10

(C.D. Cal. Apr. 23, 2018) (extending privilege to communications between a LLC's owners and the LLC's counsel).

This is a particularly fraught area that should be approached with caution, because it is not always easy to identify those corporate employees or representatives who are covered by the corporation's attorney-client privilege. *See, e.g., Graf*, 610 F.3d at 1156 ("It can be particularly challenging to determine the identity of the client in the corporate context. The administration of the attorney-client privilege in the case of corporations ... presents special problems. As an inanimate entity, a corporation must act through agents. A corporation cannot speak directly to its lawyers." (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985) (internal quotation marks omitted) ). Accordingly, to the extent there is ambiguity, and the government has provided no good cause to explore this area, the Court should err on the side of prohibiting the government from delving into the communications over which the LLC is claiming privilege.

### A. Communications Between Defense Counsel and 940 Hill's Members

Lucy Kim and Hyuk Lim are the two minority members of 940 Hill. The communications between Ms. Kim, Mr. Lim, and defense counsel were explicitly designed to further defense counsel's defense of the actions of 940 Hill LLC, and its members and agents. And, as discussed below, Ms. Kim and Mr. Lim's interests are not adverse to 940 Hill—rather, they are aligned. Accordingly, the attorney-client privilege protects the disclosure of these communications. *Montgomery*, 548 F. Supp. 2d at 1187; *Newport Trial Grp.*, 2018 WL 6137633, at *10.

### B. Communications Between Defense Counsel and 940 Hill's Employees/Agents

940 Hill has no employees, and is a single-purpose entity created to manage and develop the property at 940 S. Hill. Accordingly, third parties performing work with 940 Hill provide comprehensive services that would typically be performed by

in-house departments in other companies.  Jason Kang, Joon Cheon, Julia Chang, and Fred Shaffer, though not employed by 940 Hill in name, are functional equivalents of employees of 940 Hill, and the attorney-client privilege therefore extends to their communications with defense counsel in connection with this litigation.  The government has in fact taken the position (which the defense has not disputed), when it comes to exhibits, that statements by these individuals are statements by 940 Hill's agents, and are therefore admissible.  Its position vis-à-vis privilege is at odds with that stance.

### 1. Jason Kang

Jason Kang works for Asset Investment Capital Management, a management company that performs **all** of 940 Hill's internal accounting work, including keeping the company books, managing relations with 940 Hill's tenants, obtaining contributions from members, making payments on behalf of the LLC, providing records to outside CPAs for tax preparation, etc. Despite technically working for another company, Mr. Kang's duties with respect to 940 Hill's accounting are comprehensive, and he has functionally taken on the role of an in-house accountant. Therefore, Mr. Kang is the functional equivalent of an employee, and the attorney-client privilege applies to his communications with defense counsel.  *Graf*, 610 F.3d at 2268; *see also Medversant Techs., LLC v. Morrisety Assocs., Inc.*, 2011 WL 13124128, at *4-5 (C.D. Cal. July 20, 2011) (privilege protects communications involving corporate counsel and personnel from a company that "essentially functions as" an "in-house public relations department"); *Residential Constructors, LLC v. Ace Prop. & Cas. Ins. Co.*, 2006 WL 3149362, at *12-16 (D. Nev. Nov. 1, 2006) (attorney-client privilege applied to communications between corporate counsel and independent insurance adjuster who performed "the same functions as an 'in-house' claims employee").

### 2. Joon Cheon, Julia Chiang, and Fred Shaffer

Joon Cheon and Julia Chiang (owner and project manager of the consulting

firm DGB Line, respectively), as well as Fred Shaffer (order of the consulting firm Saiko Investment Corp.), performed architectural and development work for 940 Hill that, as with Mr. Kang, renders them the functional equivalent of employees. These consultants were engaged to allow 940 Hill LLC to develop and manage the real property at 940 S. Hill.  Mr. Cheon, Ms. Chiang, and Mr. Shaffer's work was therefore integral to 940 Hill's operations, and they performed the same work that would otherwise have been performed by an in-house development team.  If 940 Hill were a larger company with its own architects and experts, there would be no question that their communications with company counsel would be privilege.  The authority cited above makes clear that the attorney-client privilege protects these witnesses' communications with defense counsel, because they performed exactly the functions that their in-house equivalents would have performed if they existed.

## II. Defense Counsel's Communications With Each of the Six Witnesses Is Protected Under the Attorney-Client Privilege Under the Common Interest Doctrine

Even if the Court does not find that communications between defense counsel and six witnesses at issue are protected under *Upjohn* and *Graf*, the communications are nevertheless privileged under the "common interest" doctrine.  The "common interest" doctrine provides that communications between counsel and third parties are protected under the attorney-client privilege when "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003) (citing *In re Mortgage Realty Trust*, 212 B.R. 649, 653 (Bankr. C.D. Cal. 1997)).  Defense counsel's communications with the six witnesses at issue amply satisfy these three criteria.

*First*, each of these witnesses have a "common interest" with 940 Hill in defending the company in this lawsuit.

Ms. Kim and Mr. Lim, as the company's minority members and part-owners, clearly share an interest in the defense of 940 Hill in this lawsuit. Ms. Kim and Mr. Lim have an obvious interest in protecting the company they partially own from criminal liability and potential financial ruin, and they are also interested in the outcome of this lawsuit to the extent the government chooses to call into question their own conduct.

Similarly, the work performed by Mr. Kang, Mr. Cheon, Ms. Chiang, and Mr. Shaffer with respect to 940 Hill, and their knowledge of the alleged illegal activity and how it impacted their work, is directly at issue in the Government's prosecution of 940 Hill. Therefore, these four witnesses share an interest in the defense of 940 Hill to the extent the government intends to call into question their own work or knowledge in its case against the company. This is not mere speculation; even though the government is calling them as witnesses, the government has indicated that, at trial, it intends to demonstrate that these witnesses are biased, and to attack their credibility.[1]

Nor is a written agreement necessary to establish the existence of the a common privilege. To the contrary, a common interest agreement may be "implied from conduct or situation," including conduct as straightforward as "attorneys

---

[1] In its Trial Memorandum, the government generically asserts that "a common business interest" is insufficient to invoke the common interest doctrine. (Gov't Trial Mem. [Dkt. 471] at 24.) Here, each of the six witnesses have a shared *legal* interest in the defense of 940 Hill, as set forth above. Moreover, "[th]e fact that there may be an overlap of a commercial and legal interest for a third party [. . .] does not negate the effects of the legal interest in establishing a community of interest." *Patagonia, Inc. v. Anheuser Busch, LLC*, 2020 WL 6260020, at *2 (C.D. Cal. June 12, 2020); *see also In re Village at Lakeridge, LLC*, 2013 WL 1397447, at *12 (9th Cir. B.A.P. Apr. 5, 2013) ("Lakeridge and Rabkin shared a common interest in that they both wanted to obtain confirmation of the plan of reorganization, Lakeridge as the debtor and plan proponent, and Rabkin *for his financial interests*.") (emphasis added).

exchanging confidential communications from clients who . . . have common interests in litigation." *United States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012). Even without the express agreement reached between defense counsel and these six witnesses, the exchange of confidential information from these witnesses to defense counsel demonstrates the parties' agreement.

*Second*, there is no real dispute that the second and third requirements of the common interest doctrine are satisfied here. As stated above, the express purpose of the challenged communications between defense counsel and the six witnesses at issue was to further the defense of 940 Hill, its members, and its agents. And there is no argument that the privilege has been waived.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court find that the challenged communications involving defense counsel and each of Lucy Kim, Hyuk Lim, Jason Kang, Joon Cheon, Julia Chang, and Fred Shaffer are privileged.

DATED: June 7, 2022

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee