1  Ariel A. Neuman - State Bar No. 241594
       aneuman@birdmarella.com
2  Ray S. Seilie - State Bar No. 277747
       rseilie@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
7  Attorneys for Defendants 940 Hill, LLC
   and Dae Yong Lee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE LUIS HUIZAR, et al., <br><br> Defendant. | CASE NO. 20-CR-0326-JFW <br><br> **DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S OBJECTIONS TO GOVERNMENT-RETAINED INTERPRETER FOR TRIAL TESTIMONY** <br><br> Assigned to Hon. John F. Walter |

3795644.1

1   Defendants Dae Yong Lee and 940 Hill, LLC, by and through its counsel of
2   record, Ariel A. Neuman and Ray S. Seilie of Bird, Marella, Boxer, Wolpert,
3   Nessim, Drooks, Lincenberg & Rhow, P.C., hereby object to the use of the
4   government's retained interpreter, Annie Lee, to translate the testimony of any
5   government witnesses during the trial of this matter.
6   More than a week ago, defense counsel raised with the government the fact
7   that various Korean-language interpreters used by the parties during the preparation
8   of this case are of varying quality in conveying the full meaning of a witness's
9   statements.  The government agreed that this was a concern based on its own
10  experience.  Defense counsel requested to jointly find an interpreter both parties
11  could agree to use at trial; the government declined, indicating it intended to retain
12  an interpreter on its own.  Counsel raised this concern to the Court at the Pretrial
13  Conference and the AUSAs indicated that the US Attorney's Office was in the
14  process of retaining someone but had not done so yet.  Counsel repeatedly asked the
15  government to identify that interpreter so that counsel could contact that person, and
16  got a first name – "Annie" – in response.
17  Counsel conducted some initial inquiries regarding a certified Korean-
18  language interpreter named "Annie," which raised concerns.[1]  Not having heard
19  back from the government, on June 3, defense counsel emailed the government,
20  conveyed those concerns, and suggested the parties jointly retain certified court
21  interpreter Soomi Ko to translate all Korean testimony during this trial.  Ms. Ko has
22  worked both with the government and defense counsel in the past, and her CV
23  (which was provided to the government) is attached as Exhibit A.  Defense counsel
24  has confirmed her availability for the weeks of June 14 and June 20.  Late that
25  afternoon, the government indicated it had retained Ms. Lee and provided her
26
27  [1] Counsel has now confirmed that the "Annie" about whom counsel found this
28  information is in fact Annie Lee, the interpreter retained by the government.

3795644.1                                        1
DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S OBJECTIONS TO GOVERNMENT-RETAINED
INTERPRETER FOR TRIAL TESTIMONY

1  contact information.  It did not comment on the suggestion of retaining Ms. Ko.

2       Counsel conducted some further inquiries about Ms. Lee which confirmed the
3  initial concerns about the quality of her translations.  Since June 3, counsel has
4  repeatedly attempted to contact Ms. Lee via email and telephone in order to
5  interview her and assess whether those concerns warranted an objection to the
6  Court.  Ms. Lee has not returned the phone calls, and despite responding to a single
7  email in which she declined to translate a meeting, has not acknowledged counsel's
8  request to speak with her.

9       On June 6, counsel contacted the government to reiterate the defendants'
10 concerns and ask government counsel to instruct Ms. Lee that she should speak with
11 defendants' counsel.  The government did not respond, and to date, Ms. Lee has not
12 responded to defense counsel's requests to talk.

13      At this point, defendants have no option but to turn to the Court for relief.
14 The parties' respective experiences confirm that even among court-certified
15 translators, the quality of translation is varied.  It is counsel's understanding that the
16 Korean language is particularly difficult to translate in a manner that captures all
17 intended meaning.[2]  While defense counsel has not met Ms. Lee, at this point all we
18 know is that she is retained by the government without consulting defense counsel,
19 refuses to even speak with the defense, and that our inquiries have raised significant
20 concerns about the quality of her translation.  Accordingly, defendants object to Ms.
21 Lee acting as the supposedly neutral translator for government (or defense)
22 witnesses during this trial.

23 //
24 //
25

---

[2]  As the Court is aware, the parties have undertaken significant efforts to come to some agreement on the meaning of Korean-language recordings in this case, in part for this very reason.

As far as counsel is aware, Ms. Ko remains available to participate in this trial, but cannot keep her schedule open much longer. Defendants request that the Court appoint Ms. Ko as the translator for witness testimony during this trial.

DATED: June 7, 2022

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee