TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (SBN: 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (SBN: 281370)
CASSIE D. PALMER (SBN: 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0647
    Facsimile: (213) 894-7631
    E-mail: Mack.Jenkins@usdoj.gov
            Veronica.Dragalin@usdoj.gov
            Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-326(A)-JFW-5, 6 |
|---|---|
| Plaintiff, | JOINT STATEMENT RE: AMENDED GOVERNMENT'S PRE-TRIAL WITNESS LIST |
| v. | |
| DAE YONG LEE, aka, "David Lee," and 940 HILL, LLC, | Trial Date: June 14, 2022<br>Trial Time: 8:00 A.M.<br>Location: Courtroom of the Hon. John F. Walter |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, and Cassie D. Palmer, and defendants DAE YONG LEE and 940 HILL, LLC, both individually and by and through their counsel

of record, Ariel A. Neuman and Ray S. Seilie, hereby submit a Joint Statement re: Amended Government's Pre-Trial Witness List.

The government respectfully reserves the right to modify this list prior to and throughout the trial.

Dated: June 8, 2022                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                        /s/ Veronica Dragalin
                                       MACK E. JENKINS
                                       VERONICA DRAGALIN
                                       CASSIE D. PALMER
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA


Dated: June 8, 2022                     /s/ via e-mail authorization
                                       ARIEL A. NEUMAN
                                       RAY S. SEILIE
                                       Attorneys for Defendants
                                       DAE YONG LEE and 940 HILL LLC

ii

**UNITED STATES v. DAE YONG LEE and 940 HILL, LLC**
CR 20-326(A)-JFW

**GOVERNMENT'S PRE-TRIAL WITNESS LIST**

| No. | Witness | Direct Estimate | Cross Estimate |
|---|---|---|---|
| 1 | **Andrew Civetti**, FBI Case Agent | 2 hours | 3 hours |
| 2 | **Fred Shaffer**, 940 Hill Consultant | 1 hour | 1 hour |
| 3 | **Shawn Kuk**, former CD-14 Planning Deputy | 2.5 hours | 1.5 hours |
| 4 | **George Esparza**, former CD-14 Special Assistant | 3.5 hours | 3 hours |
| 5 | **Joon Cheon***[1], 940 Hill Consultancy Business Owner | 3 hours | 2 hours |
| 6 | **Jason Kang**, David Lee Employee | 3 hours | 1.5 hours |
| 7 | **Meena Chung**, Expert FBI Linguist | 30 min. | 15 minutes |
| 8 | **Justin Kim**, Appraiser | 3.5 hours[2] | 4 hours |
| 9 | **Jeff Modrzejewski**, CREED LA Executive Director | 45 min. | 30 minutes |
| 10 | **Lucy Kim***, 940 Hill Minority Owner | 1 hour | 45 minutes |
| 11 | **Hyuk Lim***, 940 Hill Minority Owner | 30 min. | 15 minutes |
| 12 | **Julia Chang***, 940 Hill Consultant | 45 min. | 45 minutes |
| 13 | **Andrew Civetti**, FBI Special Agent | 2.5 hours | 1 hour |
| | **TOTAL** | 24.5 hours (appx. 4 court days) | 19.5 hours |

---

[1] Witnesses designated with * will testify at trial with the assistance of a Korean interpreter.

[2] Rather than reading the translations into the record during Ms. Chung's testimony, the government plans to read the translated excerpts aloud for the jury and for the record during Mr. Kim's testimony. The 3.5 hours estimate includes the time required for the reading of the translations.

1

**GOVERNMENT'S POSITION RE: AMENDED GOVERNMENT WITNESS LIST**

The government has revised its Pre-Trial Witness List to address issues raised by the Court and by defendants at the pre-trial conference on Friday, June 3, 2022.

First, to address the issue regarding summary testimony by Special Agent Andrew Civetti at the start of the trial, prior to percipient fact witnesses discuss certain evidence and exhibits, the government seeks permission to resolve this by bifurcating Agent Civetti's testimony into two parts. Agent Civetti is the only agent with personal knowledge who can authenticate and lay the foundation for admissibility of certain key evidence, such as text messages and data extracted from cellphones pursuant to search warrants, and for which the defendants are requiring the government to lay foundation at trial. Therefore, his testimony at the beginning of trial is necessary for the admission of certain exhibits. The government proposes bifurcating Agent Civetti's testimony to allow him to testify, at the start of the trial, regarding the investigation, high-level background on defendants and co-schemers, and to lay the necessary foundation for various items. At the close of the government's case, the government intends to call Agent Civetti -- who has acted as the lead agent in this matter for over seven years -- to testify as a summary witness regarding his analysis of 940 HILL, LLC bank records, accounting records, and tax records and regarding summary charts he prepared. Given Agent Civetti's personal involvement in obtaining, reviewing, and organizing both the underlying data and the ultimate summary charts, he is the best witness to efficiently and productively help the jury understand

voluminous evidence the government asserts is integral to understanding its charging theory and proof.

This approach has been used in this district and approved by the Ninth Circuit without the need for a dual role instruction. See, e.g., United States v. Ventura-Oliver, 664 F. App'x 647, 648 (9th Cir. 2016) (affirming bifurcation of agent testimony without the need to give dual role instruction where "Agent Carter did not give expert testimony. Rather, he merely provided a 'summary to prove content' as allowed by Federal Rule of Evidence 1006").[1]

Second, the government has removed two witnesses from its witness list in an effort to further streamline the trial: (1) FBI Special Agent Michael Chai, whose testimony is unnecessary if Agent Civetti's testimony is bifurcated; and (2) Chris Modrzejewski.  The government has also slightly reduced its direct exam estimates, bringing the total from 26 hours to 24.5 hours, which is approximately four court days assuming six hours of testimony per day.  The government will continue to look for ways to streamline its trial presentation depending on how the evidence comes in at trial.

---

[1] In that case, "the government sought permission to bifurcate Agent Carter's testimony into two parts: first, to describe his observations as an undercover participant at HLF seminars, and to authenticate recordings of those events; and second, to testify about his investigative work, the seizure of assets, and to present summaries of the bank accounts of HLF and the defendants for forfeiture purposes." Brief of Plaintiff-Appellee United States, 2016 WL 944676 at *14.

**DEFENDANTS' RESPONSE TO AMENDED GOVERNMENT WITNESS LIST**

**Agent Civetti.** Defendants object to the government's amended proposal for Agent Civetti.

First, defendants object to bifurcation of *any* witness's testimony. Such bifurcation effectively gives the witness (and the government) a "second bite at the apple" after having been subjected to cross-examination, which is patently unfair.

Second, all of Civetti's proposed testimony can be admitted at the beginning of the trial,[2] *except* his effort to act as a "conviction witness" by presenting select parts of previously-admitted evidence in charts which put that select evidence in the light most favorable to the government's case. The evidence in this case is not so voluminous, nor is the trial so lengthy, that such a summary is necessary or appropriate.  Rather, the government's summary charts are most appropriately used in closing argument by counsel.  There is no need for Civetti to explain that on date X, Esparza texted Kim, and that was followed by this event, and then this happened, etc.  That evidence will be before the jury, and the AUSAs are more than capable of summarizing the evidence and arguing the alleged implications.  Indeed, that is the very purpose of closing argument, as opposed to witness testimony. *United States v. Harley*, 790 F. App'x 844, 845 (9th Cir. 2019)

The government cites United States v. Ventura-Oliver, 664 F. App'x 647 (9th Cir. 2016), in support of its proposal. But the

---

[2] For ease of reference, the government describes the second part of Civetti's testimony as testify as testifying as "a summary witness regarding his analysis of 940 HILL, LLC bank records, accounting records, and tax records and regarding summary charts he prepared."

3

question in Ventura-Oliver was whether a "dual role" instruction – i.e. an instruction that a witness was providing both fact and opinion testimony – was necessary where a case agent presented summary evidence admissible under Federal Rule of Evidence 1006. It says nothing about permitting a case agent to "frame" the government's case with testimony at the beginning and end of its case-in-chief. Moreover, as defendants explained in the parties' submission regarding the government's proposed summary exhibits (ECF No. 461 at 12), Rule 1006 does not apply here because the government intends to summarize evidence that is separately being admitted and presented to the jury. See, e.g., United States v. Wood, 943 F.2d 1048, 1053 (9th Cir. 1991).

Given that the government's proposal for Agent Civetti's second portion of testimony is to have him impermissibly act as a "conviction witness," the Court should not permit the government to bifurcate his testimony. The government should be required to introduce his full testimony – limited to his personal knowledge – the first time it calls him to the stand. There is no reason for the Court to treat Agent Civetti any different than any other witness.

**Chris Modrzejewski.** Defendants find it necessary to advise the Court about a concerning development regarding the potential testimony of Chris Modrzejewski, whose counsel accepted service of a trial subpoena from defendants on May 25. On Friday, June 3, defense counsel informed the Court that defendants intended to list Chris Modrzejewski as a potential defense case witness. Later that day, the government informed defense counsel that it was removing Mr.

4

Modrzejewski from its witness list and apparently, the same day, communicated the same to his counsel.

    On Monday, June 6, Mr. Modrzejewski's counsel informed defense counsel about the government's communication, and advised for the first time that if defendants call Mr. Modrzejewski to testify, he will assert his Fifth Amendment right to remain silent.  Counsel has initiated a meet and confer with the government to address this matter. To the extent the parties are unable to resolve the issue, the defense may seek further relief from the Court.