TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
CASSIE D. PALMER (Cal Bar. No. 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0363
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Veronica.Dragalin@usdoj.gov
                Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>DAE YONG LEE,<br>  aka, "David Lee,"<br>940 HILL, LLC,<br><br>      Defendants. | No. CR 2:20-326(A)-JFW-5, 6<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANTS' OBJECTIONS TO GOVERNMENT-RETAINED INTERPRETER FOR TRIAL TESTIMONY; DECLARATION OF CASSIE D. PALMER; EXHIBIT A<br><br>Trial Date:   June 14, 2022<br>Trial Time:   8:00 AM<br>Location:    Courtroom of the<br>                 Hon. of the Hon.<br>                 John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, and Cassie D. Palmer, hereby files its Opposition to Defendants Dae Yong Lee and 940 Hill, LLC's Objections to Government-Retained Interpreter for Trial Testimony.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 8, 2022                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                              /s/
                                       MACK E. JENKINS
                                       VERONICA DRAGALIN
                                       CASSIE D. PALMER
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

For trial, the government has contracted with an experienced, California-certified, federal-court approved Korean-language interpreter, to provide interpretation for four government witnesses. The government must pay for its own interpreter and go through various levels of Department of Justice approval to secure the necessary funding, which is specific to the interpreter approved. The government's interpreter has met with government witnesses and gained familiarity with the subject matter of their testimony, which will make the interpretation process smoother and more efficient at trial.  Now, on the eve of trial, defendants Dae Yong Lee and 940 Hill, LLC ("defendants") have taken the novel position that they have the right to interview and test the government's interpreter to assess the quality of her interpretation and to veto her if she declines to submit to their examination.  (Dkt. 489.)  They then go even further and request that the Court order the government to hire their hand-selected interpreter instead.  They cite no authority for this bold position, likely because it doesn't exist (indeed, an office-wide query on the issue returned no responses).  The Court should reject defendants' attempts to interfere the government's presentation of its case, based upon vague and baseless "concerns" regarding the "quality of her translation" and a wholly unfounded attack on her neutrality, all of which seem to be a transparent and contrived attempt to create an issue to monopolize translator testimony.  This is improper.

**II.   FACTUAL BACKGROUND**

Ms. Annie Lee, M.S., is an experienced Korean-language court interpreter, who holds a California State Certification. (Declaration of Cassie D. Palmer ("Palmer Decl."), Ex. A (Annie Lee Resume) at 1-2.)  She is an approved federal interpreter in the Central District of California and is on the active roster of Korean language interpreters for the Court.  See Central District of California, Local Roster of Interpreters, https://court.cacd.uscourts.gov/Cacd/IntRoster.nsf/0/b6c71086e0fe3b2b882579c6005b4c65?OpenDocument.

Ms. Lee has provided a Korean-language interpretation services as a California-certified court interpreter for nearly 15 years. (Declaration of Cassie D. Palmer ("Palmer Decl."), Ex. A (Annie Lee Resume) at 1-2.)  She holds a Bachelor of Science degree in Psychology and a Master of Science degree in Marriage, Family, and Child Counseling.  (Id. at 1.)  She has attended certificate programs focusing on legal interpretation and translation for Korean/English and medical translation and interpretation for Korean/English.  (Id. at 1-2.)  Over her career as a court interpreter, Ms. Lee has provided interpretation services in any array of legal matters and trials, including at the state and federal levels, and in both civil and criminal proceedings and trials.  (Id.)  She also has been an instructor in Korean to English interpretation regularly since 2011. (Id.)

**III. ARGUMENT**

The defense's glib and unfounded remark that Ms. Lee is "supposedly neutral" is baseless and offensive to the California

certification process.[1] Ms. Lee is a neutral. She interprets for both the government and for defendants. In civil cases, she has interpreted for both parties in trials. However, for criminal trials, her practice is to interpret for only one party – whoever first hires her, whether it is the government or the defense. In fact, in this case, the government first met Ms. Lee when she was hired by counsel for two witnesses whose legal fees defendants are paying. The government was impressed with her ability to communicate with these witnesses clearly and succinctly. At no time did these witnesses or their counsel raise any concerns about Ms. Lee's interpretation (in the past, witnesses and their counsel had raised concerns about certain interpreters). This is particularly notable because one of the witnesses speaks and understands English quite well but at times prefers Korean interpretation.

Ms. Lee has participated in preparation meetings with government witnesses and is scheduled to participate in additional witness meetings leading up to trial. Through this process, Ms. Lee has gained familiarity with the witnesses and with the subject matter of their likely testimony at trial, which will make the interpretation process at trial more efficient. This process has taken time and effort on the part of Ms. Lee, on the part of the witnesses and their counsel, and on the part of government counsel. The defense should not be permitted to interfere with the work the government has put into this preparation and disrupt the presentation of the government's case at trial.

---

[1] It is, at minimum, troubling that the defense chose to publicly file a motion that named the interpreter, besmirches (without foundation) the quality of her work, and suggests she lacks neutrality. Such spurious claims could harm her livelihood.

3

The defense suggests that Ms. Lee's unwillingness to submit to their fitness test somehow raises "concerns" about her neutrality. Defendants advised the government that defense counsel wished to interview Ms. Lee regarding her qualifications and would ask her to interpret for them with a Korean-speaking associate on the phone to assess the quality of Ms. Lee's interpretation. Meanwhile, however, the defense strongly urged the government to hire their preferred interpreter instead. The government declined to do so. When the government relayed the defense's request to interview Ms. Lee, she responded that she had never been asked to participate in such an exercise and did not believe she was required to do so. Ms. Lee stated she was confident in her qualifications and the quality of her interpretation.

The government believes this is correct. We are not aware of any authority that provides that a court-certified interpreter, particularly one who the government has hired for its witnesses and one who the defense attorney for two government witnesses has hired in the past, should be subjected to a defense veto. This is particularly true when the defense has urged the government to hire its own "supposedly neutral" interpreter repeatedly and has premised their objection to the government's interpreter on her refusal to do something she is not required to do. In light of the lack of any factual or legal support for their argument, the defense's persistent actions appear designed to force the government to hire defendants' preferred interpreter and to interfere with the government's trial preparation and presentation. The Court should decline to sanction such tactics and deny defendants' motion in its entirety.