TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
CASSIE D. PALMER (Cal Bar. No. 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091/0647/0363
    Facsimile: (213) 894-6436
    E-mail:    Mack.Jenkins@usdoj.gov
               Veronica.Dragalin@usdoj.gov
               Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>DAE YONG LEE,<br>  aka, "David Lee,"<br>940 HILL, LLC,<br><br>           Defendants. | No. CR 2:20-326(A)-JFW-5, 6<br><br>GOVERNMENT'S RESPONSE TO DEFENDANTS OFFER OF PROOF RE: ASSERTION OF ATTORNEY-CLIENT PRIVILEGE (CR 488)<br><br>Trial Date:  June 14, 2022<br>Trial Time:  8:00 AM<br>Location:    Courtroom of the<br>             Hon. of the Hon.<br>             John F. Walter |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Mack E. Jenkins,

Veronica Dragalin, and Cassie D. Palmer, hereby files its Response to

Defendants Dae Yong Lee and 940 Hill, LLC's Offer of Proof re:

Assertion of Attorney-Client Privilege (CR 488).

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 9, 2022                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                        /s/ Veronica Dragalin
                                       MACK E. JENKINS
                                       VERONICA DRAGALIN
                                       CASSIE D. PALMER
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3    Defendants DAE YONG LEE ("LEE") and 940 HILL, LLC ("940 HILL")

4 are jointly represented in this criminal case by Ariel Neuman and Ray

5 Seilie of Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg &

6 Rhow, P.C. ("Defense Counsel").  The shareholders of 940 HILL are

7 LEE, Lucy Kim, and Hyuk Lim.  Kim and Lim (the "Minority Owners")

8 will testify in the government's case-in-chief.  Throughout the

9 criminal investigation, the Minority Owners were represented by

10 separate counsel from the law firm Foley & Lardner, LLP.  At trial

11 preparation meetings, the Minority Owners have been accompanied by

12 their separate counsel.  Four other witnesses have similar

13 representation arrangements.  Jason Kang, a "functional employee" of

14 940 HILL, has been and continues to be represented by separate

15 counsel from Bienert Katzman Littrell Williams, LLP.  Three outside

16 consultants, Joon Cheon, Julia Chang, and Fred Shaffer (the "Outside

17 Consultants"), have been and continue to be represented by separate

18 counsel from Liang Ly, LLP.

19    The government seeks to discover what communications, if any,

20 between Defense Counsel and these six witnesses may have affected or

21 impacted the witnesses' memories or accounts of relevant facts, which

22 in some instances have led to new or different information being

23 provided during trial preparation meetings than during prior recorded

24 and/or under oath testimony.  Defendants have made a blanket

25 assertion of privilege over all communications between Defense

26 Counsel and these six witnesses, without meeting their burden of

27 establishing privilege over the narrow category of communications,

28 that is, discussions regarding these witnesses' expected testimony in

the criminal investigation against defendants LEE and 940 HILL.  None of the witnesses are charged in this matter.

## II.   ARGUMENT

### A.   Defendants Have the Burden to Establish that the Attorney-Client Privilege Applies

Defendants have the burden to establish that the attorney-client privilege applies to shield communications between their counsel and other individuals related to 940 HILL, LLC, who are each represented by separate counsel and who are not co-defendants, regarding trial preparation.

"The party asserting attorney client privilege has the burden of establishing the existence of the relationship and the privileged nature of the communication." United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010).  The privilege "must be made and sustained on a question-by-question or document-by document basis." Med. Assurance Co., Inc. v. Miller, No. 4:08-cv-29, 2010 WL 2710607, at *4 (N.D. Ind. July 7, 2010).  "That burden is not, of course, discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed." In re Bonanno, 344 F.2d 830, 833 (2d Cir. 1965).

The attorney-client privilege exists where: "(1) [ ] legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." Graf, 610 F.3d at 1156.  Because the attorney-client privilege is in derogation

2

of the search for truth, it is "narrowly and strictly construed."
United States v. Gray, 876 F.2d 1411, 1415 (9th Cir. 1989); see also
Fisher v. United States, 425 U.S. 391, 403 (1976) (holding since
attorney-client privilege "has the effect of withholding relevant
information from the factfinder, it applies only where necessary to
achieve its purpose").

**B.   Minority Members May Waive the Attorney-Client Privilege**

As an initial matter, the two Minority Owners of defendant 940
HILL, LLC, as holders of the privilege, may waive the attorney-client
privilege and disclose to the government communications they each had
with Defense Counsel.

The client is the holder of the attorney-client privilege, not
the attorney.  See In re Grand Jury Proc., 87 F.3d 377, 381 (9th Cir.
1996) ("attorney-client privilege exists for the benefit of the
client, not the attorney"); In re Carter, 62 B.R. 1007, 1014 (Bankr.
C.D. Cal. 1986) ("The client, not his attorney, is the holder of the
privilege; only the client can waive the privilege by voluntarily
disclosing the protected information or consenting to its
disclosure.").  With respect to corporate clients, "the power to
waive the corporate attorney-client privilege rests with the
corporation's management and is normally exercised by its officers
and directors." Commodity Futures Trading Comm'n v. Weintraub, 471
U.S. 343, 348 (1985).  As shareholders and members of defendant 940
HILL, LLC, Ms. Kim and Mr. Lim, who are represented by separate
counsel, have the power to waive any corporate attorney-client
privilege that may apply to their communications with Defense
Counsel.

3

### C.   Three Outside Consultants Do Not Fall Within the Corporate Privilege

Defendants rely on <u>Upjohn</u> and <u>Graf</u> to make a blanket assertion that Defense Counsel's communications with six witnesses who are 940 HILL members and "agents" are privileged.  (CR 488 at 1-2.)  But defendants fail to meet their burden to establish privilege over a specific category of communications--discussions regarding these witnesses' expected trial testimony at a criminal trial against defendants LEE and 940 HILL.  Defendants rely on the witnesses' status as "members," "functional equivalents of employees of 940 Hill," and agents in the abstract without analyzing whether the witnesses meet those definitions <u>at the time of the challenged communications</u>.  (CR 488 at 2-3.)  For example, whether the Outside Consultants were "functional employees" in 2016 and 2017 is irrelevant.  What matters is their status at the time of the challenged communications, as well as the purpose of the communications.  To be privileged, the communication for the purpose of seeking or providing "legal advice." <u>Graf</u>, 610 F.3d at 1156.  Defendants have failed to establish that their trial-preparation meetings with witnesses were for the purpose of providing legal advice to those witnesses.  Since each witness is represented by separate counsel who were specifically hire to provide their clients individualized legal advice in furtherance of their best interests, it is difficult to understand how Defense Counsel for defendants on trial and with very different immediate interests could claim such a privilege.

Thus, defendants' argument that Outside Consultants Joon Cheon, Julia Chang, and Fred Shaffer "performed architectural and

development work for 940 Hill" and were "engaged to allow 940 Hill LLC to develop and manage the real property at 940 S. Hill" misses the point.  (CR 488 at 4.)  That status may protect communications between those Outside Consultants and company counsel about those topics <u>at the time they were performing their work</u>, but not now.  At that time, defendant 940 HILL was paying those consultants for their work, and the consultants engaged in conduct on behalf of the company as its agents.  As the government made clear at the hearing and to Defense Counsel, the government is <u>not</u> seeking to probe into communications these consultants had with corporate counsel during the time they worked for 940 HILL.

To the contrary, the government is entitled to probe into communications between Defense Counsel and these Outside Consultants regarding their expected testimony at the criminal case against defendants LEE and 940 HILL, LLC, including regarding what caused them to change that expected testimony.  This is particularly relevant where such changed testimony may seem to newly favor the defendants or be changed in a uniform way across multiple witnesses.  Defendants have cited no authority that would support their position that the Outside Consultants are "functional employees" and communicating with Defense Counsel within the scope of their employment <u>when, years later, they are discussing the criminal investigation into defendants LEE and 940 HILL</u>.  Instead, it seems an improper attempt to shield their discussions with government trial witnesses for unknown reasons.  At the same time, the government is providing the defense reports of its meetings with these same witnesses.  If defendants fear disclosing some confidential trial strategy to the government, the remedy is simple – do not share it

with trial witnesses.  Confidentiality is the hallmark of most all privileges.  In any event, defendants have failed to establish that the Outside Consultants are seeking "legal advice" about their own criminal exposure or any other topic from Defense Counsel.  Indeed, this would entirely undermine the role of their individual counsel.  Defendants' burden to establish a valid attorney-client privilege is not "discharged by mere conclusory or ipse dixit assertions." In re Bonanno, 344 F.2d at 833.  They have failed to establish that the three Outside Consultants, who are each represented by separate counsel, fall within the sphere of the "corporate client" definition for purposes of the criminal investigation against defendants LEE and 940 HILL.

### D.   Defendants Have Failed to Establish a Valid Common Interest Privilege with Three Outside Consultants

Since defendants cannot establish that the three Outside Consultants fall within the sphere of the corporate client, they must rely on the common interest or joint defense privilege.  But here, once again, they fail to meet their burden.

To prove the applicability of the joint defense or common interest privilege, defendants must show that: (1) the communications were made in the course of a joint defense effort; (2) the statements were designed to further that effort; and (3) the privilege has not been waived.  See, e.g., Griffith v. Davis, 161 F.R.D. 687, 692-693 (C.D. Cal. 1995); BG Real Estate Services v. American Equity Ins. Co., No. Civ. A. 04-3408, 2005 WL 1309048, at *4 (E.D. La. 2005) ("the attorney-client communication privilege, the joint defense privilege, and/or the work product doctrine can be sustained only if they are both properly asserted and the facts supporting any

privileges are established by evidence, not merely declared by lawyer argument").

That defendants' consultants have a common business interest in the outcome of this trial does not give rise to a common <u>legal</u> interest to invoke the joint attorney-client or "common interest" privilege.  <u>See</u>, <u>e.g.</u>, <u>In re Vitamin C Antitrust Litig.</u>, No. MD 06-1738(BMC)(JO), 2011 WL 197583, at *5 (E.D.N.Y. Jan. 20, 2011) (refusing to apply the common interest doctrine and finding no shared legal interest where a company and an agency wanted the same legal outcome, but the litigation did not have a legal consequence for the agency).  Having a "shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties" within the common interest doctrine.  <u>In re Pac. Pictures Corp.</u>, 679 F.3d 1121, 1129 (9th Cir. 2012).  "Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—-whether written or unwritten." <u>Id.</u>

Defendants attempt to establish this "common interest" by broadly claiming that the three Outside Consultants "share an interest in the defense of 940 Hill to the extent the government intends to call into question their own work or knowledge in its case against the company."  (CR 488 at 5.)  Defendants make that assertion based on the government's stated intention to show bias or attack the credibility if these witnesses' testimony at trial to the extent that testimony is inconsistent with their prior recorded or sworn statements.  Unsurprisingly, defendants have cited no cases that support this argument, because none exist.  The three Outside Consultants may want to see the same outcome in this trial and may have personal and professional affinity for defendants, but that does

not establish a common <u>legal interest</u> with defendant 940 HILL.  If defendant 940 HILL is convicted at trial, the three Outside Consultants would suffer no legal consequences.[1]  The consultants would not be liable for paying any portion of a penalty against defendant 940 HILL, nor would they be subject to any other conditions imposed on the company as part of its sentence.  Again, "the facts supporting any privileges are established by evidence, not merely declared by lawyer argument."  <u>BG Real Estate </u>Services, 2005 WL 1309048, at *4 (E.D. La. 2005).  In the absence of a valid common <u>legal interest</u>, an agreement between lawyers to keep information confidential is not sufficient to establish a common interest privilege.  <u>See</u>, <u>e.g.</u>, <u>Regents of Univ. of California v. Affymetrix, Inc.</u>, No. 17-CV-01394-H-NLS, 2018 WL 3752752, at *4 (S.D. Cal. Aug. 6, 2018) ("An agreement to keep information confidential is not an agreement to pursue a joint strategy.").

## III. CONCLUSION

Because defendants have failed to meet their burden to establish that privilege applies over communications between Defense Counsel and three Outside Consultants, who each have separate counsel representing their individual interests, regarding the criminal investigation against defendants LEE and 940 HILL, the government should be permitted to probe into those communications to determine whether any witness's testimony has been affected by information provided by or learned from Defense Counsel.

---

[1] The government agrees that the Minority Owners of 940 HILL share a common legal interest with defendant 940 HILL in this criminal trial, because a conviction against defendant 940 HILL would likely result in a financial penalty against the company, for which the Minority Owners would also be liable according to their ownership percentage.