Ariel A. Neuman - State Bar No. 241594
  aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
  rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| UNITED STATES OF AMERICA,, | CASE NO. 20-CR-0326-JFW |
|---|---|
| Plaintiff, | **DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' OFFER OF PROOF RE: ASSERTION OF ATTORNEY-CLIENT PRIVILEGE** |
| vs. | |
| JOSE LUIS HUIZAR, et al., | |
| Defendant. | Assigned to Hon. John F. Walter |

## TABLE OF EXHIBITS

| Exhibit | Description | Page(s) |
|---|---|---|
| A | Government Trial Ex. 2 (940 Hill LLC, California Secretary of State filing) | 5 |
| B | Privilege Log Regarding Communications Between Certain Witnesses and Counsel for 940 Hill LLC | 5 |

3796270.1

2

Case No. 20-CR-0326-JFW

DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' OFFER OF PROOF RE: ASSERTION OF ATTORNEY-CLIENT PRIVILEGE

Defendants Dae Yong Lee and 940 Hill, LLC, by and through their counsel of record, Ariel A. Neuman and Ray S. Seilie of Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., hereby file their Reply to Government's Response to Defendants' Offer of Proof Re: Assertion of Attorney-Client Privilege (Dkt. No. 497-1) in accordance with the Court's Order at Dkt. No. 499.

## 1. The LLC's Corporate Attorney-Client Privilege Applies to All Communications With The Relevant Parties

The government appears to fundamentally misunderstand the nature of the privilege at issue. The government argues that the communications at issue are not privileged because they were not "for the purpose of providing legal advice to those witnesses." Resp. at 4; *see also* Resp. at 6. That is not the nature of the privilege asserted. Rather, the privilege at issue is the LLC's attorney-client privilege related to its efforts to obtain legal advice to decide how to litigate this case. Communications by the LLC's counsel with the LLC's members, employees, and those who are the functional equivalent of employees, for that purpose, are clearly protected. *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981) ("The communications concerned matters within the scope of the employees' corporate duties, and the employees themselves were sufficiently aware that they were being questioned *in order that the corporation could obtain legal advice*.") (emphasis added); *United States v. Graf*, 610 F.3d 1148, 1158 (9th Cir. 2010) ("[A] corporation's privilege extends to communications between corporate employees and corporate counsel *as long as the communications are made at the direction of corporate superiors in order to secure legal advice*.") (citing *Upjohn*, 449 U.S. at 390-94) (emphasis added); *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 514-15 (S.D. Cal. 2003) (stating that the attorney-client privilege applies to communications between company counsel and non-management employees where the employee communicated with counsel "so that the corporation could secure legal advice"); *MGA Entmt., Inc. v. Nat'l Prods., Ltd.*, 2012 WL 3150532, at *3 (C.D. Cal. Aug. 2,

2012) ("[W]here corporate employees consult with corporate counsel, privilege generally belongs to the corporation.") (quoting *MacKenzie-Childs LLC v. MacKenzie-Childs*, 262 F.R.D. 241, 249-50 (W.D.N.Y. 2009)).

Similarly, whether the employee or functional equivalent is *currently* an employee or functional equivalent is of no moment, despite the government's uncited contention to the contrary (Resp. at 5), so long as the communications are for the purposes described above. *Admiral Ins. Co. v. United States District Court for District of Arizona*, 881 F.2d 1486, 1493 (9th Cir. 1989) (rejecting argument that privilege was inapplicable because employee was to be terminated following interview with counsel, stating that "the *Upjohn* rationale necessarily extended the privilege to former corporate employees"); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1361, fn. 7 (9th Cir. 1981) ("Although *Upjohn* was specifically limited to current employees, the same rationale applies to the ex-employees . . . involved in this case. Former employees, as well as current employees, may possess the relevant information needed by corporate counsel to advise the client with respect to actual or potential difficulties."); *Gen-Probe Inc. v. Becton, Dickinson & Co.*, 2012 WL 1155709, at *3 (S.D. Cal. Apr. 6, 2012) ("The corporation attorney-client principle applies to current and former corporate employees alike.")

Here, the purpose of all of these communications was for the LLC to obtain legal advice in order to litigate this matter. Indeed, the government's argument that these communications were *not* about providing legal advice to the individuals is an implicit concession that this was the purpose.

The government's arguments are entirely irrelevant to the privilege actually being asserted, and do not support its request to pierce the attorney-client privilege held by the LLC. That alone is a sufficient basis to deny the government's effort to inquire into this area.

## 2. The Minority Members Are Not Part of Management And So Cannot Waive the Privilege

The government's citation to *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985) – which it cites for the position that management may waive the corporate privilege – only supports the privilege assertions here. Minority members Ms. Kim or Mr. Lim may not waive the privilege for this LLC; neither is part of the management of the LLC since they appointed Mr. Lee as the sole manager years ago, as the government will surely plan to prove at trial. *See* Exhibit A (Gov't Trial Exhibit 2, listing Mr. Lee as manager). Indeed, their expected testimony based on the government's 302s is that they were entirely uninvolved in the management of the LLC, and left it to Mr. Lee.

In any event, there is no indication that either has even attempted to waive the privilege, or is willing to do so, and so the argument is irrelevant.

## 3. The Common Interest Also Protects Counsel's Communications With These Individuals

The government concedes that communications with minority members Ms. Kim and Mr. Lim are covered by the common interest privilege. Resp. at 8, fn 1. This should end any effort by the government to intrude on counsel's communications with those individuals.

As to the three functional employees, as explained in 940 Hill's Offer of Proof (Dkt. No. 488), each of them share an interest in the defense of 940 Hill to the extent the government intends to call into question their own work or knowledge in its case against the company, as it has now confirmed it intends to do. If 940 Hill's defense is successful, that benefits the legal position of the functional employees as well, who are then further insulated from any allegation of wrongdoing.

## 4. Privilege Log

Pursuant to the Court's Order, attached as Exhibit B is a privilege log regarding 940 Hill's counsel's communications with the relevant individuals.

Counsel has made best efforts to gather the relevant information as quickly as possible, and believes that all communications have been captured.

### 5. Conclusion

For the reasons set forth in the Offer of Proof and herein, 940 Hill respectfully requests that the Court prohibit the government from inquiring into the communications between counsel and any of the five witnesses at issue, and any other individuals who fall into the same categories but are not on the government's witness list.

DATED: June 11, 2022

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

3796270.1

6

Case No. 20-CR-0326-JFW

DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' OFFER OF PROOF RE: ASSERTION OF ATTORNEY-CLIENT PRIVILEGE