TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
VERONICA DRAGALIN (Cal. Bar No. 281370)
CASSIE D. PALMER (Cal Bar. No. 268383)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0647/0363
     Facsimile: (213) 894-6436
     E-mail:    Mack.Jenkins@usdoj.gov
                Veronica.Dragalin@usdoj.gov
                Cassie.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>             v.<br><br>DAE YONG LEE,<br>  aka, "David Lee,"<br>940 HILL, LLC,<br><br>          Defendants. | No. CR 2:20-326(A)-JFW-5, 6<br><br>GOVERNMENT'S RESPONSE TO DEFENDANTS DAE YONG LEE AND 940 HILL, LLC'S BRIEF IDENTIFYING POTENTIAL ISSUES FOR OPENING STATEMENT AND EARLY WITNESS TESTIMONY<br><br>Trial Date:  June 14, 2022<br>Trial Time:  8:00 AM<br>Location:    Courtroom of the<br>             Hon. of the Hon.<br>             John F. Walter |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, and Cassie D. Palmer, hereby files its Response to

Defendants Dae Yong Lee and 940 Hill, LLC's Brief re: Opening Statement & Early Witness Testimony.

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 13, 2022                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                            /s/ Cassie D. Palmer
                                        _____
                                        MACK E. JENKINS
                                        VERONICA DRAGALIN
                                        CASSIE D. PALMER
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Dae Yong Lee and 940 Hill, LLC ("defendants") filed a brief regarding three issues that they anticipate will arise at the beginning of trial and in opening statement.

Starting with the simplest issue first: the government does not intend to mention in opening statement that defendants are paying the attorneys' fees of six witnesses the government intends to call in its case in chief and that have other demonstrated financial ties to defendants. This issue is moot.

With respect to whether the government should be permitted to ask witnesses about defendants' payment of their legal fees, the government briefed this issue at length in its Trial Memo. (Dkt. 471 at 31-34.) And the Court already previewed its thoughts on the matter at the Final Pre-Trial Conference on June 3, 2022 supportive of the government's position, including that such information could be relevant to bias and/or credibility. Put simply, defendants' payment of government witnesses' legal fees is classic evidence of bias and does not implicate attorney-client privilege. See id.; see also Wheeler v. United States, 351 F.2d 946, 947 (1st Cir. 1965) (finding it is "clear that inquiry into the possible financial stake of a witness in a particular outcome of a case in which the witness is testifying is a proper subject for cross-examination"); Crowe v. Bolduc, 334 F.3d 124, 131 (1st Cir. 2003) (holding trial court erred in precluding cross-examination of property transferor's attorneys on issue of bias, as evidenced by contingent fee agreement, because such testimony was "classic evidence of bias routinely permitted on cross-examination"); United States v. Jasper, No. 00 CR. 0825 (PKL), 2003 WL 740878, at *2 (S.D.N.Y. Mar. 3, 2003) (cross-examination on

interest in maintaining business relationship was permissible because such interest could impact the witness's testimony; "witness's bias or motive to give inaccurate testimony is relevant in cross-examination"); In re Grand Jury Subpoenas, 803 F.2d 493, 499 (9th Cir. 1986) (requiring attorneys to identify third parties paying their fees).

No special rule should apply here. The relevant issue is not whether defendant Lee is legally obligated to pay certain witnesses' attorney's fees[1] but rather the witness's understanding of the source of those fees and whether this fact would explicitly or implicitly cause the witnesses to shade testimony in defendants' favor as a result. The jury should be allowed to analyze witness testimony with all relevant facts that could implicate bias or credibility. Defendants are free to ask the witness any relevant facts about their understanding of any legal obligation that they believe would contradict such inferences.

Finally, with respect to the anticipated testimony of FBI Special Agent Civetti, contrary to defendants' incorrect representation the government intends to elicit only that: (1) defendant Lee was present when the FBI served a grand jury subpoena for records on defendant 940 Hill related to a federal criminal investigation; and (2) the FBI served defendant Lee personally with a subpoena for his testimony before the grand jury related to this same criminal investigation. The government does not intend to elicit what defendant Lee said or did not say in response; whether he, in

---

[1] The defendants appear to have abandoned their unsustainable position that the government should not be permitted to ask the consultants about this topic, given that defendants are not obligated to pay the consultants' legal fees.

2

fact, appeared before the grand jury; whether he thereafter spoke with the government; whether his attorney proffered changing versions of what he would likely say in such an interview; or whether he advised through counsel that he would meet with the government but ultimately never did.  In other words, the government will not elicit testimony regarding defendant Lee's silence or "lack of response" at all.  More importantly, the government will not comment on such silence or lack of response during trial or as evidence of defendant's guilt.  Accordingly, the Fifth Amendment accordingly is not implicated.

    The evidence the government intends to elicit is highly probative of defendant's notice of the government's criminal investigation closing in on him and his company and his resulting intent to obstruct justice.  That defendant Lee was present when the grand jury subpoena was served on 940 Hill and was personally served with a subpoena for his own testimony directly bears on awareness that the federal investigation was focused both on 940 Hill's criminal conduct and on his own.  This evidence, including its timing, is at the heart of the obstruction charge.  Without these facts, defendants would be able to paint a misleading picture that when defendant made the false entries alleged in the obstruction count, he was utterly unaware that a subpoena had been served on 940 Hill and/or was unaware that federal investigators were looking into his conduct, and the timing of events was simply an unfortunately incriminating coincidence.  This would be inappropriate, and directly at odds with the facts.

3