Ariel A. Neuman - State Bar No. 241594
   aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
   rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,,<br><br>        Plaintiff,<br><br>   vs.<br><br>JOSE LUIS HUIZAR, et al.,<br><br>        Defendant. | CASE NO. 20-CR-0326-JFW<br><br>**DEFENDANTS' RESPONSE TO GOVERNMENT'S OBJECTION TO ADMISSION OF EXHIBITS 118A AND 118B**<br><br>Assigned to Hon. John F. Walter |

3797166.1

## I. INTRODUCTION AND BACKGROUND

Defendants Dae Yong Lee and 940 Hill, LLC submit this brief in response to the government's objection on June 15, 2022 to the defendants' attempt to introduce Exhibits 118A and 118B.[1] The government contends the exhibits are hearsay. But defendants do not seek the admission of either exhibit to establish the truth of any statements within and both should be admitted.

## II. THE EXCERPTS ARE NOT HEARSAY

### A. Neither Excerpt Is Inadmissible Hearsay

The hearsay rule only excludes statements that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Defendants do not seek to introduce Exhibits 118A or 118B to prove the truth of any statements made within. For example, defendants are not trying to establish that Justin Kim actually knew "the LA Creed person," or that George Esparza took "all" of the money. Instead, defendants seek to introduce both excerpts to establish (1) the fact that Mr. Lee asked the questions or made the statements he did during the conversation, (2) to establish Mr. Lee's beliefs and state of mind at the time of the conversation, and (3) to establish what Justin Kim told Mr. Lee during the conversation (and not whether any of these statements contained truthful assertions of fact), including to give context to the rest of the transcripts from this conversation which follow and which were introduced by the government.

These are permissible non-hearsay uses of out-of-court statements. *See, e.g.*, *United States v. Moran*, 493 F.3d 1002, 1013 (9th Cir. 2007) (testimony about previously-received tax advice was not hearsay when offered to establish defendant's "good faith belief" he was not violating tax laws); *United States v. Gibson*, 690 F.2d 697, 700 (9th Cir. 1982) (out-of-court statements admissible "to establish the fact that the [declarants] had made the statements"); *United States v.*

---

[1] Defendants are no longer seeking to admit Exhibit 119A.

*Cantu*, 876 F.2d 1134, 1137 (5th Cir. 1989) (statement is not hearsay if "not offered as an assertion of fact but, rather, as the fact of an assertion"); *United States v. Fernandez*, 172 F. Supp. 2d 1265, 1276 (C.D. Cal. 2001) (statement offered to show defendant's belief was not hearsay).

Moreover, a significant number of Mr. Lee's utterances in Exhibit 118A are not "statements" by him, but rather questions he asked Justin Kim (and Kim's responses). In order to qualify as hearsay, an utterance must first qualify as a "statement," which is defined as an "oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a), (c). The advisory committee note to the rule confirms that this definition is intended "to exclude from the operation of the hearsay rule all evidence of conduct, verbal or nonverbal, *not intended as an assertion*." (Emphasis added). Because questions are not assertions, they cannot be hearsay. *See, e.g.*, *United States v. Long*, 905 F.2d 1572, 1580 (D.C. Cir. 1990) (nonassertive questions "fall outside the scope of the hearsay rule"); *United States v. Oguns*, 921 F.2d 442, 449 (2d Cir. 1990) ("Because a question cannot be used to show the truth of the matter asserted, the dangers necessitating the hearsay rule are not present."); *United States v. Lewis*, 902 F.2d 1176, 1179 (5th Cir. 1990) (questions "are not hearsay because they do not, and were not intended to, assert anything").[2]

Finally, to the extent the Court concludes that the statements contain hearsay, they are also relevant to show both Mr. Lee's and Justin Kim's "then-existing state of mind" during the conversation, and are therefore admissible under Federal Rule of Evidence 803(3). *See, e.g.*, *Wagner v. County of Maricopa*, 747 F.3d 1048, 1053 (9th Cir. 2013) (victim's statements to his sister were admissible to "show his state of mind at the time of the conversation" under Rule 803(3)).

---

[2] At least two unpublished pre-2007 table decisions by the Ninth Circuit (which cannot be cited) have stated an identical rule, citing these out-of-circuit cases.

### B. The Government's Cited Cases Are Inapposite

The government's trial memorandum cites a number of cases which it claims support its position that a defendant's own statements are never admissible. But in each of those cases, the court excluded the exculpatory statements because they were being offered to support the truth of those statements. Indeed, each case involved statements by a defendant *to a law enforcement agent* in the context of their arrest or detention. *See, e.g.*, *United States v. Ortega*, 203 F.3d 675, 679 (9th Cir. 2000) (excluding defendants' exculpatory statements to arresting officer that defendant "received the pistol and the drugs from his cousin"); *United States v. Fernandez*, 839 F.2d 639 (9th Cir. 1988) (excluding defendant's statement to arresting officer denying committing a robbery); *United States v. Lopez-Figueroa*, 316 F. App'x 548 (9th Cir. 2008) (excluding exculpatory portion of defendant's statement to border patrol agent).

Here, Mr. Lee's statements in these excerpts were not made to known law enforcement, but rather as part of a surreptitiously-recorded conversation that Mr. Lee had no reason to believe would be heard by law enforcement. And in this case, defendants are introducing them not to prove that any of the statements conveyed the truth, but only to establish (1) that the statements were made in the first place and (2) Mr. Lee's state of mind at the time the statements were made.

### III. RULE OF COMPLETENESS

Even if the Court concludes that they contain hearsay (they do not), Exhibits 118A and 118B should also be admitted under Federal Rule of Evidence 106, to correct the misleading impression created by the government's introduction of the other excerpts. The Ninth Circuit has very recently confirmed that "[p]ortions of a document or recording are admissible under Rule 106 *notwithstanding the bar on hearsay evidence* when offered 'to correct a misleading impression in the edited statement' introduced by an opposing party." *United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021). For example, if a defendant provides a statement during an

interrogation, a defendant may introduce additional portions of that statement "when the prosecution offers a redacted version that 'distorts the meaning of the statement,' '*excludes information substantially exculpatory of the declarant,*' or 'excludes portions of a statement that are ... explanatory of [or] relevant to the admitted passages.'" *Id.* (quoting *United States v. Dorrell*, 758 F.2d 427, 435 (9th Cir. 1985).

Rule 106 therefore provides a separate basis for admitting both exhibits. The other excerpts that the government has introduced (Exhibits 118C-D, and Exhibits 119B-F), create the misleading impression that Mr. Lee and Justin Kim are "on the same page" with respect to what happened in February and March 2017, and that Mr. Lee is counseling Justin Kim about what to say to the government in that context. In fact, Exhibits 118A and 118B confirm that Mr. Lee made those statements based on his belief that what had happened in 2017 was considerably different from what Justin Kim will likely say during his testimony. By introducing only part of the whole conversation, the government is attempting to paint a misleading picture that Mr. Lee and Justin Kim shared a common understanding about underlying facts, when the beginning of the conversation confirms that they do not.

## IV.   IMPEACHMENT

Finally, even if the Court concludes that these excerpts constitute inadmissible hearsay, defendants should be permitted to use either exhibit to impeach Justin Kim to the extent his testimony contradicts the conversation reflected within.

//

//

//

## V. CONCLUSION

For these reasons, the Court should admit in full Exhibits 118A and 118B. If the Court believes that a limiting instruction to the jury would be appropriate, defendants do not oppose one.

DATED: June 17, 2022

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: /s/ Ray Seilie

Ray S. Seilie
Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee