Ariel A. Neuman - State Bar No. 241594
 aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
 rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,,<br><br>           Plaintiff,<br><br>     vs.<br><br>JOSE LUIS HUIZAR, et al.,<br><br>           Defendant. | CASE NO. 20-CR-0326-JFW<br><br>**DEFENDANT 940 HILL, LLC'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**<br><br>Assigned to Hon. John F. Walter |

3866855.2

DEFENDANT 940 HILL, LLC'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Pursuant to Federal Rule of Criminal Procedure 32(f), Defendant 940 Hill, LLC submits the following objections to the Presentence Investigation Report filed on May 27, 2023. Dkt. 1025.[1] 940 Hill will address the Probation Officer's sentencing recommendation and related analysis, and its own position regarding sentencing, in its forthcoming sentencing brief.

**Related Cases.** The PSR fails to list all related cases. In addition to the related cases listed in the PSR prepared for Dae Yong Lee, because 940 Hill is a corporate defendant, the PSR should also reference the non-prosecution agreements into which the government entered with other corporate entities involved with the allegations involving Huizar, including specifically with Jia Yuan USA Co., Inc. (also known as "Hazens") and Carmel Partners, Inc. Because these are functionally plea agreements (without court oversight), they are relevant to the question of potential sentencing disparities. *See* 18 U.S.C. § 3553(a)(6).

**Paragraph 62** describes Will Hong as "another individual" who attended 940 Hill's probation interview. Mr. Hong is an attorney who serves as counsel for Mr. Lee and 940 Hill.

**Paragraph 63** states, "Lee did not report any prior history of misconduct." "Lee" should be replaced with "940 Hill" in this paragraph.

**Paragraph 72** states, "Presently, the company has received 'email offers of $17,000,000.'" As clarified to the Probation Officer, these "offers" are non-binding emails indicating interest in the property and are not considered to be "real" offers in the real estate industry. They are merely intended to elicit interest in further negotiations, meaning that the "offer" likely overstates the amount that a given sender would ultimately be willing or able to pay for the property. No actual offer

---

[1] These objections do not address the PSR's description of the offense conduct (i.e., Paragraphs 21 through 62). The Court has already adjudicated 940 Hill's motion for acquittal and so 940 Hill does not intend to revisit the factual allegations from the trial here.

for purchase of the property in this amount has been made. The PSR should add this clarification.

**Paragraph 88** concludes that 940 Hill is able to pay the statutory maximum fine "within 90 days from the date of the judgment." That is incorrect. The company is not holding this amount of cash. Further, as indicated in Paragraph 73, the company stands little chance of securing additional financing at this point (which would anyway take time to obtain). Moreover, the value of the property is unknown, and no ready buyer has been identified. If a sale of the property is necessary to pay the fine, it will take time to find a buyer and conduct the necessary inspections, appraisals, loan approvals, etc. before the purchase could close. There is simply no evidence that the company can feasibly have sufficient liquid funds to pay a significant fine within 90 days of a judgment. Nor is there evidence that the partners are prepared to make further loans to the entity at this time or are able to make such large loans within 90 days. While 940 Hill believes that it could potentially pay such a fine over some period of time, it respectfully submits that it is virtually impossible that it would be able to do so within 90 days of sentencing.

**Paragraph 131** states, "The Probation Officer has not identified any factors that would warrant a recommendation for a departure from the advisory guidelines." 940 Hill respectfully submits that this paragraph should reference the "history and characteristics of the defendant" under 18 U.S.C. § 3553(a)(1), including specifically that two of the three members of the company are not alleged to have

//
//
//
//
//
//
//

participated in or been aware of the illegal conduct. The position of the two innocent co-owners of the company is certainly relevant to the sentencing determination here.

DATED: May 12, 2023

Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Ariel A. Neuman
Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee