UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.    **CR 20-326(A)-JFW**                                                    Dated: October 24, 2023

==============================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack Eric Jenkins |
|---|---|---|
| Courtroom Deputy | Court Reporter | Cassie D. Palmer |
|  |  | Asst. U.S. Attorney |
|  |  | Not Present |

==============================================================================
U.S.A. vs (Dfts listed below)                    Attorneys for Defendants

5)   Dae Yong Lee                                5)   John Lewis Littrell
     Not Present                                      Not Present

_____

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING DEFENDANT DAE YONG LEE'S MOTION FOR BAIL PENDING APPEAL**
                                    **[filed 9/18/2023; Docket No. 1169]**

On September 18, 2023, Defendant Dae Yong Lee ("Defendant") filed a Motion for Bail Pending Appeal ("Motion"). On October 2, 2023, the Government filed its Opposition. On October 9, 2023, Defendant filed a Reply. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 27, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 27, 2022, a jury found Defendant guilty on all counts: honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346 (Count 5); bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(2) (Count 25); and obstruction of justice in violation of 18 U.S.C. § 1519 (Count 38). Although the Court's "initial conclusion" following the jury's verdict was that Defendant "should be detained" due to his risk of flight (*see* Trial Tr. 2087-88), the Court reluctantly allowed Defendant to remain on bond based on the parties' Stipulation to Modify Conditions of Bond (Docket No. 603). Pursuant to that Stipulation, the Court imposed strict conditions of release pending sentencing, including modified home detention with location monitoring and a $1.7 million secured bond. Defendant was also prohibited from entering the premises of any airport, seaport, bus terminal or train station, and Defendant's wife was required to

surrender her passport to the United States Pretrial Services Office until Defendant's sentencing.

On July 21, 2023, the Court sentenced Defendant to a term of 72 months' imprisonment, imposed the maximum fine of $750,000, and set a surrender date of no later than October 4, 2023. On September 14, 2023, in light of Defendant's anticipated motion for bail pending appeal, the Court granted Defendant's Ex Parte Application to continue his surrender date from October 4, 2023 to November 3, 2023.  In his Motion,  Defendant now moves for bail pending appeal pursuant to 18 U.S.C. § 3143(b).

## II. LEGAL STANDARD

18 U.S.C. § 3143(b) provides in relevant part:

[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

    (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and

    (B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

        (i)    reversal,

        (ii)    an order for a new trial,

        (iii)    a sentence that does not include a term of imprisonment, or

        (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title.

A substantial question is one that is "fairly debatable" or "fairly doubtful," that is, "of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (quotations and citations omitted).

## III. DISCUSSION

### A. Defendant has failed to demonstrate by clear and convincing evidence that he is not likely to flee.

The Court concludes that Defendant has failed to demonstrate by clear and convincing evidence that he is not likely to flee.  By his own admission, Defendant previously contemplated

fleeing to Korea when he faced law enforcement scrutiny in relation to an IRS investigation. Specifically, in a secretly recorded conversation with Justin Kim on March 20, 2019, Defendant stated, "The first time I was hit, I really thought I had to run away to Korea." Trial Tr. 1549:23-24; Trial Ex. 118C. The Court finds it extremely troubling and significant that, despite Defendant's apparently strong connections to the Central District of California and the United States, he considered fleeing to Korea.

The Court's concerns regarding Defendant's risk of flight are greatly heightened by the fact that Defendant possesses or has access to large sums of cash that could be used to facilitate flight and allow him to live very comfortably in Korea. Moreover, Defendant was convicted of obstruction of justice through falsification of records, which demonstrates his willingness to evade responsibility for his crimes.

Although the Court recognizes that it allowed Defendant to remain on bond following his conviction and pending his sentencing and self-surrender date, the Court reluctantly did so in large part because of the stringent conditions agreed to by the parties (despite its initial conclusion that Defendant should be detained). Not only did the Court have reservations at that time, the Court concludes that Defendant's risk of flight is even more heightened now that: (1) Defendant has been sentenced to a term of 72 months' imprisonment (which is significantly greater than the 20 month term Defendant advocated for in his sentencing position papers); and (2) an appeal in this case will likely take years to resolve, which would allow Defendant more time and opportunity to prepare for flight.

Accordingly, because the Court concludes that Defendant has failed to demonstrate by clear and convincing evidence that he is not likely to flee, Defendant's Motion is denied.

### B.   Defendant has failed to demonstrate that his appeal raises a substantial question of law or fact.

The Court also concludes that Defendant has failed to demonstrate that his appeal raises a substantial question of law or fact, which also warrants the denial of his Motion.

In his Motion, Defendant claims that he has raised the following alleged substantial questions of law or fact in his appeal: (1) the Court's denial of his *Batson* challenge; (2) the Court's exclusion of "evidence suggesting" Defendant "did not know the money he gave Kim would be used as a bribe," including Defendant's statements in conversations with Kim; and (3) the Court's honest services wire fraud and bribery jury instructions and its rejection of Defendant's "theory-of-the-defense" instruction. For the reasons stated by the Government, the Court concludes that the Court's rulings on these issues are not "fairly debatable" or "fairly doubtful." Specifically:

- Defendant's *Batson* challenge: Defendant's counsel failed to make a prima facie case of discrimination because Government counsel did not perceive the stricken alternate juror as Asian and the Government did not strike any other Asian juror during jury selection. Moreover, the Court correctly found no discriminatory intent based on Government's several race-neutral justifications for its only strike of a possibly Asian alternate juror. *See* Government's Opposition (Docket No. 1182) at pp. 11-20.

Initials of Deputy Clerk  sr

- <u>The Court's exclusion of Defendant's out-of-court statements in conversations with Kim</u>:  Defendant's statements to Justin Kim were out-of-court assertions offered for the truth of the matters asserted and constituted inadmissible hearsay; were not admissible under the state of mind hearsay exception under Federal Rule of Evidence 803(3), and were not admissible under the rule of completeness.  The Court's exclusion of this evidence was clearly supported by prevailing case law.  *See* Government's Opposition (Docket No. 1182) at pp. 20-29.

- <u>The Court's Jury Instructions</u>: The Court's honest services fraud and bribery jury instructions fairly and adequately covered the elements of the offenses, were sufficient to guide the jury's deliberations, and fully consistent with relevant Supreme Court and Ninth Circuit case law.   *See* Government's Opposition (Docket No. 1182) at pp. 29-38.

Contrary to Defendant's argument, the Court does not find its rulings on these issues to be "fairly debatable" or "fairly doubtful."  Accordingly, because Defendant has failed to demonstrate that he has raised a substantial question of law or fact in his appeal, Defendant's Motion is also denied on this basis.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.


IT IS SO ORDERED.



CC: USPO/PSA; 9th Circuit Court of Appeals

Initials of Deputy Clerk   sr